PETER H. TRAPP, Respondent, v. ADOLPH M. METZ, Appellant.—

Christ, P. J., Rabin, Munder and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to grant a new trial on the issue of damages solely, with the following memorandum: This case comes before us in a curious posture. Plaintiff sued for damages in this action based on medical malpractice and has recovered a verdict. Defendant's brief admits for the purpose of the appeal that he "should have diagnosed and treated the plaintiff's condition sooner"; and the appeal is directed toward the issue of damages alone. Defendant contends that plaintiff's claim of damages arising from heightened anxiety because a cancerous growth was not discovered and excised within the time that it should have been, had defendant not been guilty of malpractice, was not properly proved on the trial. Plaintiff's brief concedes that the record is "sparse" with respect to this issue and consents to a new trial. Defendant's reply brief urges a dismissal of the complaint, on the ground that damages were not established and could not have been established under the circumstances. On this state of the record, I do not believe that a dismissal of the complaint is warranted. It is now settled law that a proper item of damage is mental suffering caused by fear of cancer (*Ferrara* v. *Galluchio*, 5 N Y 2d 16). A failure to disclose a physical condition which may lead to serious consequences is a predicate for an award of monetary damages due to mental anguish (*Vara* v. *Drago*, 24 A D 2d 888); and equally, it would seem to me, would a failure to make a proper diagnosis of the serious condition of a cancerous growth give rise to mental anguish over whether the delay in diagnosis might cause death. Our experience teaches us that in the present state of medical science the fear of cancer is pervasive and justifiable wherever the existence of a tumor is suspected; and that it is a critical factor in the successful treatment of the condition that it be discovered early in its development. Defendant argues, however, that the

fear of the consequence of a cancer, once discovered, is inseparable from the anxiety over the effect of the delay in its discovery, no matter how unnecessary that delay may have been if defendant had observed the proper procedures. That is the same as arguing that no fear may be heightened or aggravated or that certainty in the degree of aggravation is an indispensable ingredient in the determination of damages. That is not the rule as to the aggravation of a pre-existing physical condition by the negligence of a party; the jury, as in other cases where apportionment is required (cf. *Musco* v. *Conte*, 22 A D 2d 121), makes the evaluation of the damage caused by the negligence (cf. *Castaldo* v. *Transportation Vehicles*, 16 Misc 2d 948, mod. 10 A D 2d 955; *Beaudoin* v. *State of New York*, 24 Misc 2d 962, 968). Accordingly, the verdict of the jury, upon an appraisal of competent and relevant evidence, could resolve the issue of damages as well in a case in which the claim arises from an aggravated fear due to the defendant's malpractice. Defendant also urges that the failure of plaintiff to introduce proper proof of damage should bar a new trial. We should not encourage retrials where the litigant is chargeable with neglect in presenting evidence to substantiate his case. But that is not the point here. It is conceded that the substantive element in plaintiff's case was proved, i.e., the negligence of defendant. From this record it appears that plaintiff was laboring under some difficulty in proceeding to establish damage arising from mental anguish. Justice will be done if a new trial on the issue of damages alone is directed under the unusual circumstances which prevailed (cf. *Deutsch* v. *Doctors Hosp.*, 21 A D 2d 775).