◼ PHYLLIS TREMMEL, Respondent, v JOHN WALLMAN, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant John Wallman appeals from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 25, 1989, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $438,750.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the record reveals that the plaintiff adduced evidence from which the jury could rationally conclude that the appellant chiropractor John Wallman's mismanagement of the plaintiff's back condition resulted in the aggravation of a herniated disc in the L5-S1 region of the spine, which, despite later surgical intervention, ultimately resulted in permanent neurological deficits. Significantly, both the chiropractic expert and the board certified neurologist appearing on the plaintiff's behalf testified that the appellant had departed from good and accepted chiropractic practice by failing to undertake certain testing and examining procedures and by failing to recognize the severity of the plaintiff's condition at a time when permanent nerve injury was still avoidable. In light of the foregoing, it cannot be said that there "[are] simply no valid line[s] of reasoning and permissible inferences" supporting the jury's determination that the plaintiff's injuries resulted from the negligence of the appellant John Wallman *(Cohen v Hallmark Cards,* 45 NY2d

493, 499; *see, Nicastro v Park,* 113 AD2d 129, 132; *see also, Datiz v Shoob,* 125 AD2d 628, *affd* 71 NY2d 867).

Further, we conclude that the plaintiff has carried her burden of establishing that the appellant's alleged failure to treat her condition more probably than not resulted in certain injuries which might otherwise have been prevented *(see, Mertsaris v 73rd Corp.,* 105 AD2d 67, 82; *see also, Brucato v Pennington,* 128 AD2d 823, 824). As we have previously observed, "it bears emphasizing that to establish a prima facie case a plaintiff need not eliminate entirely all possibility that a defendant's conduct was not a cause. It is enough that he offer sufficient evidence from which reasonable men might conclude that it is more probable than not that the injury was caused by the defendant" *(Mertsaris v 73rd Corp., supra,* at 83).

At bar, the plaintiff adduced evidence, through expert testimony, that the appellant's delay in diagnosing the status of her nerve condition and the failure to obtain objective signs of progressive neurological deficits, weakness, or atrophy deprived the plaintiff of a substantial opportunity to avoid permanent damage. Further, the plaintiff's chiropractic expert testified that the appellant's failure to timely diagnose the plaintiff's condition, taken together with other departures from good and accepted chiropractic care, constituted a cause of the plaintiff's permanent injuries. Although the appellant's expert provided testimony to the contrary, we conclude that the issue of the appellant's negligence and the question of proximate cause in respect thereto, were properly submitted to the jury, whose determination we decline to disturb on this appeal.

We conclude that the damages awarded were not excessive under the circumstances.

We have reviewed the appellant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.