■ ROBERT W. MOSCATO et al., Plaintiffs, v CITY OF NEW YORK (PARKS DEPARTMENT), Appellant, and THOMASON INDUS-

TRIES, INC., Respondent, et al., Defendant. (And Two Third-Party Actions.)—Order of the Supreme Court, New York County (Robert E. White, J.), entered February 26, 1991, which, *inter alia*, granted defendant and third-party plaintiff Thomason Industries, Inc.'s motion for summary judgment dismissing the defendant City of New York's claims and cross claims, is unanimously reversed, on the law, and the motion denied, without costs or disbursements.

Plaintiff Robert Moscato, an electrician in the employ of third-party defendant R. Salzstein & Company, Inc., was injured during the renovation of the Highbridge Pool Recreation Center, which was owned by the defendant City. This action was commenced against the City (Parks Department), defendant Echo Roofing and Restoration Corp. and defendant Thomason Industries, Inc. Thereafter, Thomason commenced a third-party action against Salzstein and defendant Echo commenced a second third-party and third third-party actions against Salzstein and Karam Construction Corporation.

During jury selection, the parties settled the matter for approximately $440,000, with the City, Echo, Karam Construction and Salzstein assuming responsibility for various amounts of the total. Counsel for the City indicated that the parties further stipulated that all claims, cross claims, counterclaims and third-party claims would be discontinued, but that it was expressly understood that cross claims against Thomason would not be discontinued. It was made clear that Thomason did not join in the stipulation, nor did it consent to discontinue its claims.

Subsequently, Thomason moved for an order pursuant to CPLR 3212, General Obligations Law § 15-108 (c), General Municipal Law § 101 and State Finance Law § 135 to dismiss all claims and "purported" cross claims against it. It alleged that the City refused to discontinue a "purported" cross claim against Thomason, by alleging for the first time that it had a contractual claim of co-insurance under a general liability policy issued by Thomason's insurer, naming the City as an additional insured. It pointed to evidence supporting the view that it had not provided any ladders or scaffolding for plaintiff and that it had not undertaken the responsibility to coordinate the work of contractors or review safety conditions, and was not, therefore, a general contractor for the City. The Supreme Court granted Thomason's motion and, thereafter, denied the City's motion for reargument.

While, "the CPLR allows third-party actions to be com-

menced in certain circumstances before they are technically ripe, so that all parties may establish their rights and liabilities in one action" *(Mars Assocs. v New York City Educ. Constr. Fund,* 126 AD2d 178, 192, *lv dismissed* 70 NY2d 747), the alleged cross claim for contractual indemnification by the City would not accrue until payment had been made *(McDermott v City of New York,* 50 NY2d 211, 216).

In any event, it is clear from the record herein that the City had not yet asserted the claim against Thomason, in any cross claim or affirmative pleading in this action. The mere mention during the settlement stipulation that the City intended to press a cross claim against Thomason did not automatically establish such a claim, sufficient to furnish the basis for a motion for summary judgment. To accept the premise that Thomason could obtain dismissal of a "purported" cross claim, not asserted in a pleading, would be contrary to the requirement that a party may move for summary judgment only "after issue has been joined" (CPLR 3212 [a]).

Thomason's motion for summary judgment was, therefore, premature. It anticipated the nature of the City's claim and then attempted to demonstrate that this "purported" claim presented no triable issue of fact. While under certain circumstances, a summary judgment application may be entertained based on a theory of recovery not pleaded, the general rule is that summary judgment will not be granted based upon a cause of action or a defense that has not been pleaded *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11, at 319). This requirement "is intended to show the court precisely what the parties' positions are". *(Id.,* at 318-319.) Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.