(June 17, 1993)

■ In the Matter of BERNARD BATES, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [599 NYS2d 246] —Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered December 20, 1991, which denied the petition to deem timely an amended notice of claim or for leave to serve it nunc pro tunc, unanimously affirmed, without costs.

After an automobile accident, which occurred on December 25, 1986, petitioner was admitted to Lincoln Hospital with a fractured leg. Upon his transfer to Metropolitan Hospital, it was discovered that petitioner had a fractured vertebra, and surgery was performed on petitioner's spine on February 25, 1987. Following surgery, petitioner was paralyzed from the chest down. A second surgery was performed on March 11, 1987, but petitioner remained paralyzed. He was discharged from the hospital on December 23, 1987.

Within 90 days of his discharge, petitioner served a notice of claim based on allegations of medical malpractice and negli-

gence. On December 14, 1988, petitioner commenced an action alleging causes of action in medical malpractice, lack of informed consent, negligent hiring and retention and negligent hospital administration. The cause of action for negligent administration was based on the identical factual allegations as the cause of action for malpractice, among which was the failure to perform a Magnetic Resonance Imaging test ("MRI") prior to surgery, which, petitioner argues, was not ordered, even though medically recommended, because it was not covered by private insurance and petitioner was not eligible for Medicaid. Respondent's answer stated as an affirmative defense to each cause of action that petitioner had failed to file a timely notice of claim as required by McKinney's Unconsolidated Laws of NY § 7401 (1) (New York City Health and Hospitals Corporation Act § 20 [1]; L 1969, ch 1016, § 1). Upon petitioner's motion, the IAS Court struck respondent's notice of claim defense as to the causes of action for medical malpractice and lack of informed consent but refused to strike the defense as to the causes of action for negligent hiring and retention and negligent hospital administration. On March 6, 1989, petitioner served an amended notice of claim which included the claims for negligent hiring and retention and negligent hospital administration and brought this special proceeding seeking a judgment deeming this amended notice of claim timely served or seeking leave to serve it nunc pro tunc. The IAS Court denied petitioner's motion and petitioner now appeals that order.

If a notice of claim is not served within one year and 90 days of the accrual of the cause of action, leave may no longer be granted to serve the notice regardless of whether the defendant had actual notice of the facts which are the subject of the claim (Pierson v City of New York, 56 NY2d 950).

Petitioner argues that his time to file a notice of claim has not expired, since, he argues, his claims are based upon medical malpractice and the time for filing a notice of claim was tolled by the continuous treatment doctrine. He therefore argues that the court should consider his argument that respondent had actual notice of the facts upon which his claims are based. However, the cause of action for negligent hiring and retention is based in negligence, not malpractice (see, Bleiler v Bodnar, 65 NY2d 65, 73) and the continuous treatment doctrine is inapplicable. Moreover, petitioner's cause of action for negligent administration is based on precisely the same factual allegations as his medical malpractice claim, including the allegation which petitioner argues is the

crux of his negligent administration claim, i.e., failure to order an MRI. Since we find that the claimed failure in this case to obtain a recommended diagnostic test "bears a substantial relationship to the rendition of medical treatment by a licensed physician" *(supra,* at 72) and, therefore, would be covered by the malpractice cause of action, there is no need for an amendment of the notice of claim to permit an additional unnecessary characterization of the allegations as negligent administration. The allegations of malpractice have been properly pled and petitioner is already entitled to submit evidence regarding the failure to obtain the MRI to establish that claim. Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.