■ MARY BOSSIO et al., Respondents, v FRANCES P. FIORILLO et al., Defendants, and ELLIOTT ROBBINS et al., Appellants. [620 NYS2d 596] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Donovan, J.), entered September 3, 1993 in Westchester County, which denied a motion by defendants Elliott Robbins and Elliott Robbins, M.D., P. C. for summary judgment dismissing the first and second causes of action in the complaint.

In this medical malpractice action, plaintiffs seek to recover damages allegedly caused by a delay in the treatment of a cancerous lump in the breast of plaintiff Mary Bossio (hereinafter plaintiff). Plaintiffs attribute the delay to defendants' alleged failure to diagnose the condition. It is undisputed that plaintiff was referred to defendants in 1988 for evaluation of her breast and that a mammogram was performed. Based upon their interpretation of the mammogram, defendants concluded that there was nothing to cause alarm or to require

further tests. The mammogram did, however, show a small three to four-millimeter nodule. Plaintiffs allege that defendants did not mention the nodule and did not recommend that the nodule be monitored or treated. Two years later, a mammogram revealed the presence of a nine-millimeter tumor in the area where the nodule had appeared on the previous mammogram. The tumor was determined to be cancerous and it was removed from plaintiff during a lumpectomy, which revealed no spread of the cancer beyond the isolated tumor.

In support of his motion for summary judgment, defendant Elliott Robbins (hereinafter defendant)* submitted his own affidavit and those of two experts which demonstrate that defendant's conduct in evaluating the 1988 mammogram did not deviate from accepted medical practice. One of defendant's experts also alleged that even if the nodule shown on the 1988 mammogram was cancerous and surgery had been performed at that time, the surgical procedure would have been identical to that performed in 1990 and the prognosis would have been the same. We are of the view that defendant's submissions were sufficient to satisfy the prima facie showing required to warrant judgment as a matter of law if not rebutted by plaintiffs and, therefore, plaintiffs were required to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). Defendant also argues that he submitted sufficient evidence to require plaintiffs to establish the relationship between the tumor that was removed in 1990 and the nodule that appears on the 1988 mammogram, but we find defendant's evidence inconclusive on that issue.

In opposition to defendant's motion, plaintiffs submitted the affidavits of two physicians, which we find sufficient to raise triable questions of fact on the issue of whether defendant breached the duty of care owed to plaintiffs. Defendant's criticism of the physicians' expertise is a matter for the jury to consider (see, De Luca v Kameros, 130 AD2d 705). On the issue of damages, we agree with defendant that plaintiffs failed to submit any evidence of physical injury proximately caused by defendant's alleged negligence.

This is not a case where the alleged delay in diagnosis required a disfiguring mastectomy instead of a simple lumpectomy, which could have been used upon a timely diagnosis (cf.,

---

* It is noted that defendant's medical practice, defendant Elliott Robbins, M.D., P. C., joined in defendant's motion.

*McMahon v Badia,* 195 AD2d 445). Nor is there any evidence that the alleged delay impaired plaintiffs' opportunity to avoid permanent damage *(cf., Tremmel v Wallman,* 166 AD2d 582, *lv denied* 77 NY2d 804) or permitted a painful condition to continue *(cf., Stanback v State of New York,* 163 AD2d 298). Absent also is any evidence that the delay allowed the cancer to advance from one stage to another, thereby drastically reducing the chance for survival *(cf., Windisch v Weiman,* 161 AD2d 433, 437). Instead, this is a case where the prognosis would have been the same without the delay *(see, Ferrara v South Shore Orthopedic Assocs.,* 178 AD2d 364).

It is undisputed that as a result of the lumpectomy performed in 1990, plaintiff is free of cancer and her prognosis is excellent. Plaintiffs presented no evidence that plaintiff's physical condition would have been any different had there been no delay in the diagnosis. Nor is there any claim that a different, less intrusive treatment would have been used. Plaintiffs' only claim is that, according to their experts, the delay resulted in an increase in the potential for cancer recurring in the future. Recovery of damages for the possibility of the future outbreak of latent or new conditions not manifested at the time of trial requires medical proof of a reasonable certainty that such developments will occur *(see, Matott v Ward,* 48 NY2d 455, 461; *Strohm v New York, Lake Erie & Western R. R. Co.,* 96 NY 305). Plaintiffs failed to submit such proof in opposition to the motion for summary judgment and, therefore, they cannot recover damages for the enhanced risk of cancer and the threat of future harm not yet realized *(see, Askey v Occidental Chem. Corp.,* 102 AD2d 130, 135).

Having concluded that plaintiffs failed to meet their burden on the issue of physical injury caused by the alleged delay in diagnosis, we turn to the issue of the emotional harm claimed by plaintiff. Defendant contends that in the absence of physical harm due to the delay there can be no recovery for emotional harm, and there is at least one case which so holds *(see, Vossler v Amin,* 175 AD2d 570). The Court of Appeals, however, has long recognized that a malpractice victim can recover damages for mental anguish resulting from fear of cancer *(see, Ferrara v Galluchio,* 5 NY2d 16), and the Court has extended that holding to a plaintiff's claim for damages based exclusively upon heightened anxiety because a cancerous growth was not timely discovered and excised *(Trapp v Metz,* 28 NY2d 913, *revg on dissenting mem below* 35 AD2d 851). The relevant question in a case such as this one is not

whether the emotional harm is accompanied by physical harm, but whether the patient's fear is reasonable and attributable to the physician's negligence *(see, Winik v Jewish Hosp.,* 31 NY2d 936). In other words, the psychic injury must be "genuine, substantial, and proximately caused by the defendant's conduct" *(Howard v Lecher,* 42 NY2d 109, 111-112). The affidavits of plaintiff and her experts are, in our view, sufficient to raise a triable question of fact on the emotional harm claim. Supreme Court's order should, therefore, be affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.