■ MICHELLE A. McKENNA, Respondent, v JOHN C. SCHATZEL, Appellant. [707 NYS2d 357] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated May 10, 1999, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant failed, as a matter of law, to rebut the presumption of negligence arising from his rear-end collision with the plaintiff's vehicle (*see, Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572, 573; *Young v City of New York,* 113 AD2d 833). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.

■ NETTIE McKOY et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [707 NYS2d 203] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered April 27, 1999, which granted the defendants' motion to dismiss the complaint pursuant to, *inter alia,* General Municipal Law § 50-e.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On October 2, 1997, the plaintiff Nettie McKoy was injured when she fell from a chair during a seizure at Westchester County Medical Center while being monitored for a seizure disorder. She remained under the care of the Westchester County Medical Center until October 6, 1997. On January 2, 1998, she filed a notice of claim alleging, *inter alia,* negligence in placing her unrestrained in an unsecured chair.

This action is based on medical malpractice (*see, Smee v Sisters of Charity Hosp.,* 210 AD2d 966; *Fox v White Plains Med. Ctr.,* 125 AD2d 538). As such, it is subject to the doctrine of continuous treatment, and the time within which to file a notice of claim did not expire until January 4, 1998 (*see,* General Municipal Law § 50-e [1]; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291). Accordingly, the notice of claim was timely filed. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.