■ BETTY TEITELL, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [716 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 17, 1999, as granted that branch of the defendants' motion pursuant to General Municipal Law § 50-e which was to dismiss so much of the complaint as sought to recover damages based on allegations that she fell due to a lack of bed restraints, and the defendants cross-appeal from the same order.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff was a patient in the defendants' hospital when she fell on December 3, 1997. She remained under the hospital's care until December 5, 1997. The plaintiff served her notice of claim on March 5, 1998, alleging, *inter alia*, that the defendants failed to properly restrain her to prevent the fall, and failed to diagnose and treat the injuries sustained in the fall.

We agree with the Supreme Court that so much of the complaint as sought to recover damages based on the allegations that the plaintiff fell due to a lack of restraints was based on ordinary negligence, and not subject to the continuous treatment doctrine (*see, Papa v Brunswick Gen. Hosp.,* 132 AD2d 601; *cf., McKoy v County of Westchester,* 272 AD2d 307). Thus, the plaintiff's notice of claim as to that portion of the complaint was untimely served (*see,* General Municipal Law § 50-e [1]). Ritter, J. P., Thompson, H. Miller and Feuerstein, JJ., concur. [As amended by unpublished order entered Jan. 18, 2001.]