■ SALLY MIGLIACCIO et al., Appellants, v GOOD SAMARITAN HOSPITAL, Respondent. [733 NYS2d 713] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered June 1, 2000, which, upon an order of the same court dated April 28, 2000, *inter alia*, granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Sally Migliaccio (hereinafter the plaintiff), complaining of a severe headache, went to the emergency room of the defendant, Good Samaritan Hospital (hereinafter the hospital). She was released from the hospital after the headache improved, but returned a few hours later with the same complaint. The hospital contacted a neurologist approximately five hours after the plaintiff's return. Upon examining the plaintiff, the neurologist determined that the plaintiff had suffered an intracranial hemorrhage. With treatment, the plaintiff's neurological symptoms resolved themselves within four months. However, the plaintiff subsequently began experiencing seizures. After epilepsy surgery, the plaintiff is now seizure-free with medication.

The only issue raised on appeal is whether the hospital's

delay in contacting the neurologist was a departure from good and accepted medical practice and whether that departure was the proximate cause of a more substantial injury sustained by the plaintiff. There was sufficient evidence for the jury to conclude that the hospital departed from good and accepted medical practice in failing to contact the neurologist five hours earlier. However, there is no rational process by which, on the basis of the evidence, the jury could have concluded that the plaintiff suffered a more substantial injury as a result of the delay (*see, Pellew v Goldstein,* 279 AD2d 512; *Lyons v McCauley,* 252 AD2d 516; *cf., Minelli v Good Samaritan Hosp.,* 213 AD2d 705). The trial court properly granted the hospital's motion because there was no expert testimony causally linking the delay with any injury that was separate and apart from the underlying injury caused by the hemorrhage itself. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.