■ WILLIAM RAYMUNDO et al., Appellants, v WESTCHESTER COUNTY MEDICAL CENTER et al., Respondents, et al., Defendants. [738 NYS2d 875] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 12, 2000, as granted the respective motions of the defendants Westchester County Medical Center, Charles Her, Zahid Niazi, Jane A. Petro, C. Andrew Salzberg, Roger E. Salisbury, Frank V. Winski, New York Group for Plastic Surgery and Rehabilitation, and County of Westchester for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs failed to raise a triable issue of fact in response to the respondents' prima facie showing of their entitlement to judgment as a matter of law (*see, Davenport v County of Nassau,* 279 AD2d 497; *Ferrara v South Shore Orthopedic Assoc.,* 178 AD2d 364; *Mortensen v Memorial Hosp.,* 105 AD2d 151). The affidavits submitted by the respondents' medical experts established that, irrespective of the delay in surgery, the severed portion of the injured plaintiff's finger could not be reattached because of severe vascular damage caused by the initial trauma. Although the affidavit of the plaintiffs' medical expert attested to certain alleged departures by the respondents, it failed to raise a triable issue of fact that reattachment would have been successful had there been no delay in surgery (*see, Bossio v Fiorillo,* 210 AD2d 836; *Fritz v Southside Hosp.,* 182 AD2d 671; *Vossler v Amin,* 175 AD2d 570). Accordingly, the plaintiffs did not raise a triable issue of fact that the delay in surgery was a proximate cause of any further damage to the injured plaintiff (*see, Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282; *Bossio v Fiorillo, supra*). Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.