■ GERGRIS ARIAS et al., Appellants, v FLUSHING HOSPITAL MEDICAL CENTER et al., Defendants, and INNAMORATI, Respondent. [753 NYS2d 518] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief from so much of an order of the Supreme Court, Queens County (Milano, J.), dated October 26, 2001, as granted that branch of the motion of the defendant Fausto Innamorati, sued herein as Dr. Innamorati which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The motion was supported by expert medical evidence establishing his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The single examination by the respondent did not create a further duty on his part to personally supervise or participate in the delivery of the infant plaintiff, nor did it render him responsible for the plaintiff mother's care subsequent to his consultation (*see Kleinert v Begum,* 144 AD2d 645, 647).

In opposition, the plaintiffs failed to raise a triable issue of fact. An expert's affidavit presented by the plaintiffs failed to

demonstrate that the respondent departed from an accepted standard of care in his treatment of the plaintiff mother (*see Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281; *Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721). The affidavit contained only bare conclusory allegations and assumed material facts not supported by the evidence (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609). Even assuming that the respondent breached this standard of care, there is no evidence that the breach was a proximate cause of the infant plaintiff's injuries. Accordingly, as the plaintiffs failed to rebut the respondent's prima facie showing of entitlement to summary judgment, the complaint was properly dismissed insofar as asserted against him. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.