SONYA Y. WHITE et al., Respondents, v SOUTHSIDE HOSPITAL et al., Appellants, et al., Defendants. [773 NYS2d 565]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Southside Hospital and Robert T. Chatalbash separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (O'Connell,

J.), dated May 12, 2003, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against the defendants Southside Hospital and Robert T. Chatalbash, and the action against the remaining defendants is severed.

The plaintiff's decedent was a patient of the defendant Dr. Robert T. Chatalbash at the defendant Southside Hospital (hereinafter Southside). On September 1, 1995, the decedent was diagnosed as needing an emergent liver transplant in order to survive. Allegedly, to become eligible as a donee for the transplant, the decedent needed to obtain Medicaid coverage. Unfortunately, the decedent died on September 11, 1995, prior to receiving Medicaid coverage. Subsequently, the plaintiffs commenced this action alleging, inter alia, that the defendants Dr. Chatalbash and Southside were negligent in failing to expedite the application for Medicaid coverage.

Upon their motions for summary judgment, Dr. Chatalbash and Southside satisfied their respective prima facie burdens of showing that their alleged negligent actions were not the proximate cause of the decedent's injuries and death (*see Migliaccio v Good Samaritan Hosp.,* 289 AD2d 208 [2001]; *Davenport v County of Nassau,* 279 AD2d 497 [2001]; *Fritz v Southside Hosp.,* 182 AD2d 671 [1992]; *Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788 [1987]; *Mortensen v Memorial Hosp.,* 105 AD2d 151, 158 [1984]; *see also Bossio v Fiorillo,* 210 AD2d 836 [1994]; *Ferrara v South Shore Orthopedic Assoc.,* 178 AD2d 364 [1991]; *cf. Gagliardo v Jamaica Hosp.,* 288 AD2d 179 [2001]; *Jump v Facelle,* 275 AD2d 345 [2000]). Their supporting expert evidence demonstrated that a suitable liver donor would not have been found prior to the decedent's demise due to her rapidly deteriorating condition. Accordingly, the decedent's injuries and death were not due to any alleged delay in the Medicaid application process.

In opposition to the motions of Dr. Chatalbash and Southside, the plaintiffs failed to raise a triable issue of fact with respect to proximate cause. Their expert's affidavit contained bare, conclusory allegations based on pure speculation, and thus, it failed to sufficiently raise an issue of fact as to whether the alleged misconduct of Chatalbash and Southside substantially contributed to the decedent's demise (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Krash v Bishop-Sanzari, J.V.,* 309 AD2d 788 [2003]; *Arias v Flushing Hosp. Med. Ctr.,* 300

AD2d 610 [2002]; *Wilson v Buffa,* 294 AD2d 357 [2002]). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.