■ ANTHONY VIOLA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and BROADWAY CARDIOPULMONARY, P.C., et al., Respondents. [786 NYS2d 556]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.), dated June 30, 2003, which granted the motion of the defendants Broadway Cardiopulmonary, P.C. and Sachal Badlani, for leave to reargue their prior motion for summary judgment dismissing the complaint insofar as asserted against them, and upon reargument, granted the motion for summary judgment and dismissed the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs alleged, inter alia, that the defendants Broadway Cardiopulmonary, P.C. and Sachal Badlani (hereinafter the defendants) failed to diagnose and treat a subdural hematoma, thereby injuring the plaintiff Anthony Viola (hereinafter the plaintiff). The plaintiff's face and head allegedly were injured during an altercation on January 17, 1999. The results of a CAT

scan performed in a hospital emergency room that day were negative. The defendant Sachal Badlani reviewed the CAT scan and examined the plaintiff on January 19, 1999, and January 26, 1999, and found no evidence of a developing subdural hematoma. A later examination by an ophthalmologist reached the same result. On February 28, 1999, the plaintiff suffered a seizure allegedly caused by a chronic subdural hematoma. The plaintiffs commenced this action alleging, among other things, that the defendants deviated from accepted standards of medical care by, inter alia, not requiring a follow-up visit and a second CAT scan, and that such deviation was a proximate cause of the plaintiff's injury. The defendants' motion for summary judgment dismissing the complaint insofar as asserted against them was denied, but upon reargument, the Supreme Court granted the motion.

Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or mistakenly arrived at its earlier decision (*see Perez v Linshar Realty Corp.*, 259 AD2d 532 [1999]; *Loland v City of New York*, 212 AD2d 674 [1995]). The Supreme Court providently exercised its discretion in determining that it misapprehended the chronology of events and properly granted the defendants' motion for leave to reargue.

Upon reargument, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no evidence of a subdural hematoma existed during the plaintiff's office visits and that they did not deviate from acceptable medical practice (*see Fileccia v Massapequa Gen. Hosp.*, 63 NY2d 639 [1984], *affg* 99 AD2d 796 [1984]). As the evidence submitted in opposition failed to raise a triable issue of fact as to whether the defendants deviated from accepted standards of medical practice, or whether any alleged deviation proximately caused the plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Arias v Flushing Hosp. Med. Ctr.*, 300 AD2d 610 [2002]), the Supreme Court properly, upon reargument, granted the defendants' motion for summary judgment and dismissed the complaint insofar as asserted against those defendants. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.