■ Theresa Anzolone, Respondent, v Long Island Care Center, Inc., et al., Respondents, and Flushing Hospital and Medical Center, Appellant. [810 NYS2d 514]—

In an action to recover damages for medical malpractice, gross negligence, and wrongful death, the defendant Flushing Hospital and Medical Center appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 20, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the causes of action alleging gross negligence and wrongful death insofar as asserted against the appellant and any cross claims based thereon and for summary judgment dismissing the claim for punitive damages insofar as asserted against the appellant, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for medical malpractice insofar as asserted against it. In response to the appellant's prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), the plaintiff raised a triable issue of fact as to whether the plaintiff's decedent received appropriate care, and whether the appellant's allegedly negligent treatment contributed to the progression of her decubitus ulcer from stage II to stage IV (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The appellant established its entitlement to judgment as a matter of law dismissing the plaintiff's causes of action alleging gross negligence and wrongful death insofar as asserted against it, any cross claims based thereon, and the claim for punitive damages insofar as asserted against it (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]), and the plaintiff failed to raise a triable issue of fact with respect to those causes of action, cross claims, and punitive damages claim.

With respect the cause of action alleging gross negligence, it is clear from the record that the appellant did not abandon the patient (see Graham v Columbia Presbyt. Med. Ctr., 185 AD2d

753, 754 [1992]) and its conduct was not "wanton or malicious" or "activated by evil or reprehensible motives" (*Spinosa v Weinstein,* 168 AD2d 32, 43 [1991]; *see Arumugam v Smith,* 277 AD2d 979 [2000]; *Rinaldo v Mashayekhi,* 185 AD2d 435 [1992]; *Sultan v Kings Highway Hosp. Ctr.,* 167 AD2d 534 [1990]). Therefore, the Supreme Court should have granted summary judgment dismissing the cause of action alleging gross negligence insofar as asserted against the appellant, any cross claims based thereon, and the claim for punitive damages insofar as asserted against the appellant, which is based on the cause of action alleging gross negligence.

Moreover, the plaintiff made no effort to refute the appellant's showing that the plaintiff's decedent died from her underlying medical conditions, not the appellant's treatment. Therefore, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging wrongful death insofar as asserted against it and any cross claims based thereon, on the ground that the plaintiff failed to raise a triable issue of fact on the issue of causation (*see Bickford v St. Francis Hosp.,* 19 AD3d 344 [2005], *lv denied* 5 NY3d 710 [2005]). Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.