■ ELIZABETH J. EVERETT, Individually and as Executor of MARY JENNIE STRIFE, Deceased, Respondent, v LORETTO ADULT COMMUNITY, INC., et al., Appellants. [822 NYS2d 681]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered August 31, 2005. The order, insofar as appealed from, denied those parts of defendants' motion for partial summary judgment dismissing all causes of action under Public Health Law § 2801-d and all claims or causes of action based on the Omnibus Budget Reconciliation Act of 1987 and all claims for punitive damages.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting that part of the motion for partial summary judgment dismissing all claims for punitive damages and dismissing those claims and as modified the order is affirmed without costs.

Memorandum: Plaintiff's decedent was 83 years old and suffered from physical ailments and dementia when she entered defendant Loretto Rest Residential Health Care Facility for two weeks of respite care on July 12, 2000. Her condition deteriorated significantly during her stay and she was hospitalized after her discharge from the facility on July 25, 2000. Decedent died on August 11, 2000. An autopsy revealed that decedent's death was caused in part by an overdose of risperidone.

Plaintiff commenced this action, individually and as executor of her mother's estate, seeking damages for negligent care provided to decedent by defendants by providing her daily with an excessive dose of risperidone, and "allowing [her] to suffer from malnutrition" and, in a separate cause of action, for intentionally treating decedent wantonly and with reckless disregard of decedent's well-being. We agree with defendants that Supreme Court erred in denying that part of their motion for partial summary judgment dismissing all claims for punitive damages, and we therefore modify the order accordingly. Defendants met their initial burden on the motion by establishing the absence of any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others (*see Gauger v Ghaffari*, 8 AD3d 968 [2004]) and plaintiff failed to raise an issue of fact requiring a trial (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Defendants also contend that the court erred in denying those parts of their motion for partial summary judgment dismissing all causes of action under Public Health Law § 2801-d and all claims or causes of action based on the Omnibus Budget Reconciliation Act of 1987 (OBRA 1987) (Pub L 100-203, 101 US Stat 1330). There were no such claims or causes of action asserted in the complaint. The order in fact denied plaintiff's

cross motion for leave to amend the complaint to add a cause of action under Public Health Law § 2801-d and pointed out that there was no OBRA 1987 cause of action asserted in the complaint. We therefore conclude that the court properly denied those parts of defendants' motion. To the extent that defendants contend that the court erred in permitting plaintiff to offer evidence of a violation of those statutes at trial with respect to the standard of care, we conclude that defendants misread the order, which in our view properly leaves it to the trial court's discretion to rule on evidentiary matters at a later time (*see generally Kolbert v Maplewood Healthcare Ctr., Inc.,* 21 AD3d 1301, 1302 [2005]; *Litts v Wayne Paving Co.* [appeal No. 2], 261 AD2d 906, 906-907 [1999]; *LaPenta v Loca-Bik Ltee Transp.,* 238 AD2d 913, 914 [1997]).

All concur, Hayes, J., not participating. Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.