■ State Farm Mutual Automobile Insurance Company, as Subrogee of Danita M. Nicholls, Respondent, v Michael J. Clouden, Defendant, and James W. Celotto, Appellant. [857 NYS2d 834]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 6, 2007. The order, insofar as appealed from, denied the cross motion of defendant James W. Celotto to dismiss the complaint against him.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action in Buffalo City Court seeking to recover the amount that it paid to its insured for property damage sustained in a collision between the insured's vehicle and a vehicle operated by James W. Celotto (defendant). Plaintiff did not move pursuant to CPLR 3025 (b) to amend the complaint to add a cause of action to recover no-fault personal injury protection (PIP) and additional personal injury protection (APIP) benefits paid to its insured and to increase the ad damnum clause but, rather, it merely informed a court attorney at Buffalo City Court by letter of those proposed amendments. The court attorney advised plaintiff that,

because the proposed amendment to the ad damnum clause would remove the action from the jurisdictional limits of Buffalo City Court, the Judge assigned to the action was directing plaintiff to seek removal of the action pursuant to CPLR 325 (b).

Supreme Court granted plaintiff's motion to remove the action to that court, denied the cross motion of defendant *to* dismiss the complaint against him, and sua sponte removed the action back to Buffalo City Court pursuant to CPLR 325 (d) and 22 NYCRR 202.13 (e). Defendant contends on appeal that Supreme Court erred in denying that part of his cross motion seeking dismissal of the claims to recover PIP and APIP benefits paid to plaintiff's insured. The complaint, however, was never amended and it does not contain any such claims (*see Everett v Loretto Adult Community, Inc.*, 32 AD3d 1273, 1274-1275 [2006]). We thus conclude that the court properly denied the cross motion (*see generally Moscato v City of New York [Parks Dept.]*, 183 AD2d 599, 601 [1992]). Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.