■ LOUIS VISSICHELLI, JR., as Executor of LOUIS VISSICHELLI, Deceased, Appellant-Respondent, v GLEN-HAVEN RESIDENTIAL HEALTH CARE FACILITY, INC., et al., Respondents-Appellants. [25 NYS3d 639]—

In an action to recover damages for negligence, gross negligence, wrongful death, and violations of Public Health Law § 2801-d, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered June 3, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing, as time-barred, the causes of action alleging negligence, gross negligence, and violations of Public Health Law § 2801-d insofar as they relate to care provided to the plaintiff's decedent prior to August 22, 2006, and for summary judgment dismissing the causes of action alleging gross

negligence and wrongful death insofar as they relate to care provided to the plaintiff's decedent on or after August 22, 2006, and the claim for punitive damages, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the causes of action alleging negligence and violations of Public Health Law § 2801-d insofar as they relate to care provided to the plaintiff's decedent on or after August 22, 2006, with respect to "pressure sores, malnutrition, or dehydration."

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff's decedent was a resident at the defendants' residential health care facility for approximately five years prior to being hospitalized at North Shore University Hospital at Glen Cove, where he subsequently died. The plaintiff commenced this action alleging negligence, gross negligence, wrongful death, and violations of Public Health Law § 2801-d, as well as a claim for punitive damages. The defendants answered and subsequently moved, inter alia, for summary judgment dismissing the complaint or, alternatively, for summary judgment dismissing certain causes of action as time-barred.

On a motion to dismiss on statute of limitations grounds, the moving defendant has the initial burden of establishing, prima facie, that the time in which to sue has expired (see Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969 [2014]; Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843 [2014]; Matter of Chung Li, 95 AD3d 881 [2012]). If the defendant meets that burden, the burden then shifts to the nonmoving plaintiff to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Xiu Jian Sun v Wuhua Jing, 136 AD3d 613 [2d Dept 2016]; Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750 [2015]; Lopez v Lopez, 133 AD3d 722 [2015]).

Here, the defendants established, prima facie, that the causes of action alleging negligence, gross negligence, and violation of Public Health Law § 2801-d were time-barred, insofar as they relate to care provided to the decedent prior to August 22, 2006 (see CPLR 214 [2], [5]). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the "insanity" toll (see CPLR 208; Burgos v City of New York, 294 AD2d 177 [2002]; cf. Barnes v County of Onon-

*daga*, 65 NY2d 664 [1985]; *Ferreira v Maimonides Med. Ctr.*, 43 AD3d 856 [2007]; *Schulman v Jacobowitz*, 19 AD3d 574 [2005]), or the continuous treatment doctrine (*see Hatzfeld v State of New York*, 104 AD3d 1165 [2013]; *Teitell v County of Westchester*, 277 AD2d 309 [2000]; *Matter of Bates v New York City Health & Hosps. Corp.*, 194 AD2d 422 [1993]).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging gross negligence insofar as it relates to care provided to the decedent on or after August 22, 2006, and the claim for punitive damages. Construing the evidence in a light most favorable to the nonmovant plaintiff (*see Corvino v Mount Pleasant Cent. School Dist.*, 305 AD2d 364 [2003]), the court properly determined that the defendants met their initial burden by establishing "the absence of any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Everett v Loretto Adult Community, Inc.*, 32 AD3d 1273, 1274 [2006]; *see Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]; *see also Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 902 [2014]; *Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Domoroski v Smithtown Ctr. for Rehabilitation & Nursing Care*, 95 AD3d 1165 [2012]; *Everett v Loretto Adult Community, Inc.*, 32 AD3d at 1274; *Lee v Health Force*, 268 AD2d 564 [2000]; *Rey v Park View Nursing Home*, 262 AD2d at 627; *see also Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 747).

Likewise, the medical records and the affirmation of the defendants' expert were sufficient to establish the defendants' prima facie entitlement to judgment as a matter of law dismissing the wrongful death cause of action (*see Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348 [2011]; *Newport v Rogosin Inst.*, 71 AD3d 856 [2010]; *White v Southside Hosp.*, 5 AD3d 677 [2004]). The defendants' expert asserted that the decedent's development of a blood infection, MRSA, septicemia, and cardiopulmonary arrest, and ultimately his death, were not proximately caused by the defendants' alleged failure to provide adequate and appropriate medical care during the relevant period, as the life-threatening infections with which the decedent presented upon his hospitalization "were secondary to immunocompromise resulting from his advanced age and heavy burden of disease." In opposition, the

plaintiff's expert made only a conclusory statement that the defendants' conduct "caused and increased [the decedent's] risk of injury . . . and ultimately his death" (*see Craig v St. Barnabas Nursing Home*, 129 AD3d 643 [2015]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d at 1349; *Anzolone v Long Is. Care Ctr., Inc.*, 26 AD3d 449 [2006]; *White v Southside Hosp.*, 5 AD3d at 678-679; *Estate of Mollo v Rothman*, 284 AD2d 299 [2001]).

Contrary to the defendants' contention, the Supreme Court properly determined that they failed to establish their prima facie entitlement to judgment as matter of law dismissing the causes of action alleging negligence and a violation of Public Health Law § 2801-d insofar as they relate to the care provided to the decedent on or after August 22, 2006, with respect to pressure sores. The defendants' expert failed to address the multiple pressure sores found on the decedent upon his hospitalization in August 2009, which required a wound care consult. The defendants' failure to tender sufficient evidence demonstrating the absence of triable issues of fact regarding that claim required denial of that branch of the motion, regardless of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Stukas v Streiter*, 83 AD3d 18 [2011]). While the defendants established their prima facie entitlement to judgment as a matter of law dismissing the subject causes of action insofar as they relate to their alleged failure to prevent the decedent's malnutrition and dehydration during the relevant period, the affirmation of the plaintiff's expert was sufficient to raise a triable issue of fact, thus warranting denial of summary judgment dismissing those claims (*cf. Denis v Manhattanville Rehabilitation & Health Care Ctr., LLC*, 111 AD3d 406 [2013]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.