■ LILIAN HAIRSTON as Administratrix of the Estate of GUILLERMO DEJESUS, Deceased, Appellant, v LIBERTY BEHAVIORAL MANAGEMENT CORPORATION et al., Respondents. [29 NYS3d 310]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint to include a demand for punitive damages, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Plaintiff's decedent voluntarily committed himself to defend-

ant Arms Acres, an alcohol rehabilitation facility. While under defendant's care, the decedent, who, in addition to being an alcoholic, suffered from schizophrenia and bipolar disorder, became extremely disoriented, began having hallucinations, and attempted to leave the facility. On the morning of September 12, 2009, the decedent was found missing from the facility. His body was discovered on October 18, 2009.

Although, following discovery, the motion court granted plaintiff leave to amend the complaint to include a claim under the Public Health Law, it denied her leave to add a demand for punitive damages pursuant to Public Health Law § 2801-d (2). Punitive damages are available under Public Health Law § 2801-d (2) where the patient has been deprived of a right or benefit and the deprivation "is found to have been willful or in reckless disregard of the lawful rights of the patient." The motion court held that the conduct alleged to have violated the Public Health Law did not rise to a level that warranted punitive damages. We conclude, to the contrary, that a jury could reasonably find, under these circumstances, that defendant's failure to provide for the decedent's safety at a time when he was disoriented and hallucinating warrants an award of punitive damages. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.