Valensi v Park Ave. Operating Co., LLC (2019 NY Slip Op 01252)





Valensi v Park Ave. Operating Co., LLC


2019 NY Slip Op 01252


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-02044
 (Index No. 8899/11)

[*1]David Valensi, etc., appellant, 
v
Park Avenue Operating Co., LLC, et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L.T. Breakstone of counsel), for appellant.
Caitlin Robin & Associates PLLC, New York, NY (Gayle M. Halevy and Staesha Rath of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 8, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision granting that branch of the motion only to the extent of awarding the defendants summary judgment dismissing the request for punitive damages in the first cause of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, as the administrator of the decedent's estate, commenced this action to recover damages on behalf of the decedent, related to a fall the decedent suffered while she was a patient at the defendant nursing home facility. The 84-year old decedent was assessed as a high risk for falls and certain interventions were made, such as keeping her bed in a low position, having a call bell within reach, having a bed alarm, encouraging the decedent to call for assistance, and having two people assist her in transferring from her bed. Despite these interventions, on February 5, 2010, the decedent was found sitting on the floor next to her bed, and there was urine on the floor. The decedent said that she was trying to go to the bathroom. There was no visible injury except redness on her elbow, hip, and knee. The next day, X rays were taken of her shoulder and knees, which did not reveal any fractures. Ten days later, X rays were taken of the decedent's spine, which did not reveal any fracture. The decedent was discharged from the nursing home facility on February 18, 2010. On March 26, 2010, the decedent had X rays taken by a private doctor, which revealed signs of a compression fracture of a vertebra.
The complaint asserted causes of action sounding in violation of Public Health Law §§ 2801-d and 2803-c, negligence, and gross negligence. In addition to the requests for compensatory damages included in all causes of action, the first cause of action sought punitive damages pursuant to Public Health Law § 2801-d(2), and the third cause of action sought common-[*2]law punitive damages. The defendants moved for summary judgment dismissing the complaint, arguing that the decedent's fall was not the proximate cause of her injuries or, in the alternative, the evidence did not establish conduct sufficient to warrant the imposition of punitive damages. In an order entered January 8, 2016, the Supreme Court determined that there were triable issues of fact on the issue of proximate cause, but that the defendants were entitled to summary judgment dismissing the requests for punitive damages. However, in the decretal paragraphs of the order, the court granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action in its entirety, and denied those branches of the motion which were for summary judgment dismissing the second and third causes of action. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
Punitive damages may be assessed where a defendant's actions evinced a high degree of moral culpability which manifested a conscious disregard for the rights of others or conduct so reckless as to amount to such disregard (see Welch v Mr. Christmas, 57 NY2d 143, 150; Walker v Sheldon, 10 NY2d 401, 404; Greenberg v Meyreles, 155 AD3d 1001, 1003). Such damages may be imposed for wanton or reckless disregard for the safety or rights of others where the conduct is " sufficiently blameworthy,' and the award of punitive damages . . . advance[s] a strong public policy of the State by deterring its future violation" (Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 81, quoting Doe v Roe, 190 AD2d 463, 475; see Giblin v Murphy, 73 NY2d 769, 772; Serota v Mayfair Super Mkts., Inc., 15 AD3d 385). The violation of rights must be "so flagrant as to transcend mere carelessness" (Zabas v Kard, 194 AD2d 784, 784). In addition, Public Health Law § 2801-d(2) permits punitive damages against a medical facility where a deprivation of a patient's rights is found to be willful or in reckless disregard to the patient's rights (see Hairston v Liberty Behavioral Mgt. Corp., 138 AD3d 467, 468).
Here, construing the evidence in the light most favorable to the nonmovant plaintiff (see Derise v Jaak 773, Inc., 127 AD3d 1011), the defendants established their prima facie entitlement to judgment as a matter of law dismissing the request for punitive damages under the Public Health Law by demonstrating that their conduct was not in willful or reckless disregard of the decedent's rights (see Public Health Law § 2801-d[2]; Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1023; Rey v Park View Nursing Home, 262 AD2d 624; cf. Hairston v Liberty Behavioral Mgt. Corp., 138 AD3d at 468). In opposition, the plaintiff failed to raise a triable issue of fact (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d at 1023). Accordingly, we agree with the Supreme Court's determination that punitive damages under the Public Health Law are unwarranted.
However, the Supreme Court entered a decretal paragraph awarding the defendants summary judgment dismissing the entire first cause of action asserted under the Public Health Law, which included a claim for compensatory damages. An order must conform strictly to the underlying decision, and where an order is inconsistent with the underlying decision, the decision controls (see Matter of Schwarzenberger, 116 AD3d 868, 869-870; Matter of Testa v Strickland, 99 AD3d 917, 917; Berry v Williams, 87 AD3d 958, 961). Since the dismissal of the entire first cause of action was inconsistent with the court's determination, that portion of the first cause of action which sought relief other than dismissal of the demand for punitive damages must be reinstated.
Although the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment dismissing, in its entirety, the third cause of action, which seeks common-law punitive damages, is also inconsistent with the court's determination, the defendants did not cross-appeal from the order and the plaintiff is not aggrieved by the denial of that portion of the defendants' motion. Therefore, the request for punitive damages in the third cause of action will not be disturbed (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3; Piquette v City of New York, 4 AD3d 402, 404; Matter of Scomello v Scomello, 260 AD2d 483, 485).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court