In the Matter of AURELIA OSBORN FOX MEMORIAL HOSPITAL SOCIETY, as Operator of Aurelia Osborn Fox Nursing Home of Oneonta, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.

Third Department, January 27, 1977

*Harrington & Bookhout (Richard J. Bookhout* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Clifford A. Royael* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. P. Petitioner operates a nursing home facility in Oneonta, New York. A February, 1975 inspection of petitioner's facility by employees of the New York State Department of Health revealed certain alleged violations of the State Hospital Code (10 NYCRR Part 700). Another inspection in June, 1975 revealed that most of the violations had been corrected, even though no notice of any such violations had ever been furnished to petitioner. On September 11, 1975 formal charges alleging 13 separate violations of the regulations were filed. The notice of hearing informed petitioner that it was charged with having "violated provisions of Article 28 of the Public Health Law of the State of New York and of the Rules and Regulations promulgated thereunder", and that an answer to said charges was required to be filed pursuant to subdivision 3 of section 2806. A hearing was held at which petitioner raised objections based on the fact that many of the charges alleged existing violations, when in fact past violations had been corrected. The hearing officer, in a detailed report, found petitioner guilty of only three charges, one of which included violations of the State Sanitary Code (10 NYCRR Part 1, adopted pursuant to Public Health Law, § 225). Respondent commissioner found violations of all

but two of the charges and imposed a fine in the amount of $2,600.

Respondent's determination is attacked on a number of grounds. In our view, however, one issue of law is dispositive and requires, except as specifically hereinafter indicated, a reversal. The notice of charges specifically alleged violations of provisions of article 28 of the Public Health Law and of the rules and regulations adopted pursuant thereto.

Subdivision 6 of section 2803 grants the State Hospital Review and Planning Council, subject to the approval of the commissioner, the authority to adopt rules and regulations to establish "a system of penalties * * * for continuing violations of rules and regulations promulgated pursuant to article twenty-eight of this chapter". Subdivision 7 goes on to grant the commissioner the power to assess penalties pursuant to subdivision 6, subject to the express limitation that "[n]o penalty shall be assessed for any violation unless the facility has received at least thirty days written notice of the existence of the violation, the amount of the penalty for which it may become liable and the steps which must be taken to rectify the violation."

The commissioner does not dispute petitioner's claim that notice of violation and an opportunity to correct deficiencies pursuant to subdivision 7 were never given and that no continuing violations were found. Rather, the commissioner argues that he is empowered to impose a penalty in the form of a fine pursuant to section 206 (subd 4, par [c]) of the Public Health Law, which empowers him to "assess any penalty prescribed for a violation of or a failure to comply with any lawful notice, order or regulation prescribed by the commissioner or in the sanitary code".

The court at Special Term upheld this claim of authority by misconstruing further language of subdivision 7 of section 2803 providing that the penalties adopted pursuant thereto are " 'additional and cumulative' to any other penalties or remedies existing". The conclusion of the court at Special Term was erroneous because the language of subdivision 7 actually provides that such penalties "shall be additional and cumulative to all other penalties and remedies existing for violations of rules and regulations promulgated pursuant to article twenty-eight of this chapter." Thus section 2803 makes clear that violations of regulations adopted pursuant to article 28 are punishable only by penalties or remedies specifically

provided for such violations, and the well-known rule of statutory construction that the general (§ 206) must yield to the specific (§ 2803) leads to the same conclusion. This result is further supported by the fact that the violations of the regulations pursuant to article 28 with which petitioner was charged are quite clearly subject to penalties only where there has been a failure to correct defects after 30 days' notice. Were such violations punishable upon their first occurrence pursuant to section 206 regardless of correction of defects, the entire scheme of section 2803 would be meaningless. We, therefore, conclude that the commissioner, in imposing penalties for violations of rules and regulations adopted pursuant to article 28, where no notice of defect and opportunity to correct had been given, exceeded his lawful authority.

We note that in the case of charges 11 and 13, violations of sections of the State Sanitary Code were found in addition to violations of the State Hospital Code. The State Sanitary Code, as previously indicated, is adopted pursuant to section 225 of the Public Health Law. The applicability of section 206 or any other penalty-imposing provisions of the Public Health Law to such violations has not been argued by the parties. The matter will, therefore, be remitted to Special Term for the purpose of fashioning an order directing respondent to make new findings and conduct such further proceedings as may be necessary in connection with the applicability of penalties for violations of the State Sanitary Code of which petitioner has been found guilty.

The judgment should be reversed, on the law, and the matter remitted to Special Term for further proceedings not inconsistent herewith, with costs.

SWEENEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Judgment reversed, on the law, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs.