In the Matter of the Town of Massena, as Operator of Massena Memorial Hospital, Respondent, v Robert P. Whalen, as Commissioner of Health of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 29, 1978 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Health which levied a $1,000 fine upon petitioner. On May 22, 1975 a survey team of the Department of Health inspected petitioner Massena Memorial Hospital and reported 85 alleged violations of the State Hospital Code (10 NYCRR Part 700 *et seq.).* A resurvey, conducted on November 6, 1975 and on December 2, 3, 5, and 24, 1975, indicated that many of the violations had been corrected, but that several violations still existed. Consequently, the Department of Health served petitioner with a "Notice of Hearing" and "Statement of Charges" dated December 18, 1975. Amended versions of the same were served on or about January 26, 1976. Petitioner was charged with violating the provisions of article 28 of the Public Health Law and the rules and regulations promulgated thereunder, including, but not limited to, chapter 5 of the State Hospital Code, contained in title 10 of the Official Compilation of Codes, Rules and Regulations. The specific areas in which the hospital was alleged to be deficient involved nine areas: life safety code violations, infection control deficiencies, inadequate medical staff meetings and evaluations, insufficient nursing service staffing, anesthesia performed by an uncertified anesthesiologist, an inadequate physical therapy program, unclear emergency room procedures and policies, insufficient dietary care and inadequate social services. Following a hearing, the hearing officer concluded that petitioner violated the following sections of the State Hospital Code: "(1) Section 702.4 in permitting soiled linen hampers to be left in a corridor, in failing to change the water being used in the oxygen humidification bottles at frequent intervals, in using of a not easily cleanable wood and cloth screen in a delivery room, in storing of cartons on the floor in the purchasing department, in failing to properly separate the clean linen room and in using of transportation carts made of a not easily cleanable material. (2) Section 702.4(a) in admitting patients to the obstetrical department without screening for infection and in failing to develop a suitable program of education and training in infection control. (3) Section 720.8(d) (3) in failing to have a registered nurse immediately available at all times for each nursing unit on each tour of duty. (4) Section 720.14(b) in permitting the administration of anesthesia by a graduate nurse anesthetist who, at the time, had not been certified. (5) Section 720.16(a), (b) (f) and (h) in permitting inadequate physical therapy facilities. (6) Section 720.17(h) in failing to have available in the emergency room the appropriate manual of procedures. (7) Section 720.9 in failing to furnish adequate social service at the hospital. (8)

Section 720.10 (b) (1) in failing to employ a dietician for a sufficient number of working hours per week." The hearing officer stated that the only violations which constituted a serious threat to patient care were those involving the physical therapy department, and, therefore, he recommended that a fine should be imposed only in connection with these violations. In an order dated July 26, 1977, the Commissioner of Health adopted the findings and conclusions of the hearing officer and he imposed a $1,000 fine upon petitioner. Special Term annulled this determination because the commissioner failed to comply with the notice requirements of subdivision 7 of section 2803 of the Public Health Law. The primary issue presented by this appeal is whether the notice requirements of the above section apply to hospitals. Subdivision 6 of section 2803 of the Public Health Law authorizes a system of penalties of up to $1,000 per day for continuing violations of rules and regulations promulgated pursuant to article 28 of the Public Health Law "and pertaining to patient care *by residential health care facilities*" (emphasis added). Subdivision 7 of section 2803 provides that "No penalties shall be assessed for any violation unless the facility has received at least thirty days written notice of the existence of the violation, the amount of the penalty for which it may become liable and the steps which must be taken to rectify the violation". The commissioner concedes that the notice required by subdivision 7 of section 2803 was not given, but argues that subdivisions 6 and 7 of section 2803 do not apply to fines where hospitals are involved. He contends that section 206 (subd 4, par [c]) and subdivision 1 of section 12 of the Public Health Law authorize him to impose fines after a hearing, for violations by hospitals of health regulations without complying with the notice requirements of subdivision 7 of section 2803. We agree. Section 2801 of the Public Health Law defines the terms "hospital", "nursing home" and "residential health care facility". Of these three, the meaning of a "residential health care facility" is crucial because subdivision 6 of section 2803 employs that term. A residential health care facility is a "nursing home or a facility providing health-related service" (Public Health Law, § 2801, subd 3), and the term "health-related service" means "service in a facility or facilities which provide or offer lodging, board and physical care including, but not limited to, the recording of health information, dietary supervision and supervised hygienic services incident to such service" (Public Health Law, § 2801, subd 4, par [b]). The term "hospital", however, is much more broadly defined (see Public Health Law, § 2801, subd 4, par [a]). Thus, under the Public Health Law, a hospital is separate and distinct from a residential health care facility. Examination of the legislative history reveals that the term "residential health care facility" was intentionally used by the Legislature in an effort to curb abuses in the nursing home industry and provide a more flexible penalty system against nursing homes than was previously available under section 12 of the Public Health Law (Memorandum of the State Executive Department, 1975 McKinney's Session Laws, pp 1687-1688; Governor's Memorandum of Approval, 1975 McKinney's Session Laws, pp 1764-1765). We are unable to find any indication that the Legislature intended that the commissioner's power, vested in him by virtue of subdivision 1 of section 12 and section 206 (subd 4, par [c]), to impose fines against hospitals, be restricted by subdivision 7 of section 2803. To the contrary, use of the term "residential health care facility", a technical term which does not include hospitals, indicates a legislative intent to require notice of violations against nursing homes, not hospitals. We conclude, then, that since subdivisions 6 and 7 refer to residential health care facilities only, the 30-day written notice requirement

of subdivision 7 applies only where a penalty has been assessed for a violation by such facilities, and that the commissioner properly assessed the fines pursuant to subdivision 1 of section 12 and section 206 (subd 4, par [c]) of the Public Health Law. We also add that *Matter of Aurelia Osborn Fox Mem. Hosp. Soc. v Whalen* (55 AD2d 495), relied upon by Special Term, does not require a contrary conclusion. It is readily distinguishable. In that case, this court held that the commissioner must comply with the notice provisions of section 2803 when imposing penalties for violations of rules and regulations adopted pursuant to article 28, when a nursing home facility, not a hospital, had been charged with violations of the State Hospital Code. Next, although Special Term did not reach the other contentions raised by petitioner, this court may do so and grant the judgment which upon the evidence should have been granted *(De Mayo v Yates Realty Corp.*, 35 AD2d 700). Petitioner's contentions that the regulations it violated are vague, subjective and thus invalid and that the determination under review is not supported by substantial evidence are all without merit. The $1,000 fine was imposed because petitioner violated several regulations in the operation of its physical therapy department (10 NYCRR 720.16 [a], [b], [f], [h]), and examinations of these regulations show that they do not contain words such as "determined", "acceptable", "approved" or "permitted" by the department found objectionable in *Matter of Levine v Whalen* (39 NY2d 510, 519). Finally, the record contains substantial evidence to support the commissioner's determination. The judgment should, therefore, be reversed, the determination confirmed and the petition dismissed. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.