*336 OPINION OF THE COURT
Terry Jane Rtjderman, J.
Background
In May 2005, claimant was a resident at Hudson River Psychiatric Center, a psychiatric hospital operated by the New York State Office of Mental Health. Claimant had a history of mental illness and, due to her obesity and other physical conditions, she often required the assistance of a wheelchair. On May 21, 2005, claimant entered a shower, unassisted by an aide, and fell, sustaining injuries. On February 23, 2007, claim No. 113362 was filed, alleging that claimant’s fall was attributable to defendant’s negligence. Defendant’s amended answer, filed-stamped April 23, 2007, asserted a counterclaim for the costs of claimant’s care rendered by the New York State Office of Mental Health from May 2005 through April 2007.
A trial on liability was held and, upon submission of post-trial memoranda by the parties, a written decision was rendered on January 29, 2010 and filed-stamped on March 10, 2010. The court found defendant to be 100% liable for claimant’s fall, on the theory of negligence, due to defendant’s failure to take proper steps to safeguard claimant from entering the shower without the necessary assistance. The court further found that defendant is entitled to recover the costs of services rendered which were not covered by Medicare and which were unrelated to claimant’s fall.
Motion to Amend
A trial on damages was scheduled for August 9, 2010; however, claimant’s counsel was actually engaged elsewhere and therefore, the trial was adjourned to November 8, 2010. A pretrial conference was held on September 20, 2010. Thereafter, claimant sought leave to amend her claim to assert a cause of action under Public Health Law § 2801-d (motion, exhibit A). Public Health Law § 2801-d (“Private actions by patients of residential health care facilities”) “authorizes a private right of action for the violation of rights enumerated in section 2803-c [‘Rights of patients in certain medical facilities’] of the statute” (Ward v Eastchester Health Care Ctr., LLC, 34 AD3d 247 [2006]; see also Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc., 61 AD3d 146 [2009]; Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178 [2002]).
This motion is returnable less than one month prior to the scheduled damages trial. Claimant has failed to provide any *337 explanation for the delay in moving to amend until more than six months after the liability judgment was entered and weeks before the scheduled damages trial.
Defendant opposes the motion and argues that the cause of action created under Public Health Law § 2801-d applies only to “residential health care facilities” and must be predicated upon a violation of the rights enumerated under Public Health Law § 2803-c (“Rights of patients in certain medical facilities”). Thus, defendant argues that this statutory cause of action, created under article 28 of the Public Health Law, does not encompass Hudson River Psychiatric Center, which is not under the jurisdiction of the Commissioner of Health. Rather, the psychiatric center is under the jurisdiction of the Office of Mental Health and the rights of its patients are covered by Mental Hygiene Law § 33.02 (“Notice of rights of individuals with mental disabilities”), which expressly applies to facilities operated or licensed by the Office of Mental Health (Mental Hygiene Law § 33.02 [a]). Further, defendant argues that a violation of the rights of the mentally disabled set forth in Mental Hygiene Law § 33.02 is not a sanctioned predicate for liability pursuant to terms of the statutory cause of action created under Public Health Law § 2801-d. Accordingly, defendant maintains that claimant’s proposed amendment should not be permitted because it is insufficient as a matter of law and is not applicable to the facts of this case.
Analysis
Absent prejudice or surprise, leave to amend shall be freely granted (CPLR 3025 [b]; see Dickinson v Igoni, 76 AD3d 943 [2010]; Lucido v Mancuso, 49 AD3d 220 [2008]). An application to amend, however, should not be granted where the newly asserted claim is “palpably insufficient as a matter of law or is totally devoid of merit” (DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 491 [2010]).
Here, claimant presents the novel issues of whether Hudson River Psychiatric Center, a psychiatric hospital operated by the Office of Mental Health, falls within the definition of “residential health care facilities” under the Public Health Law and, if so, whether the cause of action created under Public Health Law § 2801-d may be predicated upon a violation of the rights of the mentally disabled enumerated in Mental Hygiene Law § 33.02.
The applicability of article 28 of the Public Health Law is set forth in section 2800 and includes all institutions providing *338 “[hjospital and related services . . . serving principally as facilities for the prevention, diagnosis or treatment of human disease, pain, injury, deformity or physical condition or for the rendering of health-related service” (emphasis added). Claimant argues that mental illness is a “human disease” and that she was undergoing treatment for this condition while she was a resident at Hudson River Psychiatric Center. Thus, claimant contends that Hudson River Psychiatric Center is covered by article 28 of the Public Health Law. Claimant’s argument, however, is refuted by the plain text of the statute which specifically excludes mental health facilities from its definition of hospital. Indeed, section 2801 (1) provides that “the term hospital shall not include an institution, sanitarium or other facility engaged principally in providing services for the prevention, diagnosis or treatment of mental disability and which is subject to . . . investigation of the department of mental hygiene” (emphasis added). Further, Public Health Law § 2801-d (“Private actions by patients of residential health care facilities”) expressly applies only to “residential health care facilities,” which is a term more narrowly defined than the term hospital and is limited to a “nursing home or a facility providing health-related service” (id. § 2801 [3]; see Matter of Town of Massena v Whalen, 72 AD2d 838, 839 [1979] [Public Health Law definition of hospital is “much more broadly defined” than the term residential health care facility]). “Health-related service” is defined as “physical care” provided in a facility which offers lodging (Public Health Law § 2801 [4] [b]). Additionally, Public Health Law § 2803-c (“Rights of patients in certain medical facilities”) expressly applies only to nursing homes and facilities providing health-related service which are under the jurisdiction of the Commissioner of Health (Public Health Law § 2803-c [2]). On the facts presented, Hudson River Psychiatric Center, which is under the jurisdiction of the Office of Mental Health and was engaged principally in providing claimant with services for the treatment of her mental disability, is not covered by article 28 of the Public Health Law.
The legislative history of Public Health Law §§ 2801-d and 2803-c supports this plain reading of the text of the statute and its express limitation upon the statute’s applicability to a specifically defined group of residential health care facilities, i.e., nursing homes. Predating the enactment of Public Health Law §§ 2801-d and 2803-c, “the public’s confidence in the State’s ability to protect its most defenseless citizens, the aged and infirm, had *339 been destroyed by a series of dramatic disclosures highlighting the abuses of nursing home care in this State” (Governor’s Mem approving L 1975, chs 648-660, reprinted in 1975 McKinney’s Session Laws of NY, at 1764 [“Nursing Homes— Operation”]; see also Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d 506, 509 [extensive discussion of the statute’s legislative history]). In Governor Carey’s letter to the Legislature accompanying the bills for Public Health Law §§ 2801-d and 2803-c, he stated that these bills were “designed to deal directly with the most serious immediate problems which have been uncovered with respect to the nursing home industry” (Morisett v Terence Cardinal Cooke Health Care Ctr. at 510). The Sponsor’s Memorandum relating to Public Health Law § 2803-c and the transcripts of the Senate debates indicated that the purpose of this section was to establish certain minimum standards for the care of “nursing home patients” (Bill Jacket, L 1975, ch 648; NY Senate Debate transcript, at 4521, 4525). “Examination of the legislative history reveals that the term ‘residential health care facility’ was intentionally used by the Legislature in an effort to curb abuses in the nursing home industry” (see Matter of Town of Massena v Whalen, 72 AD2d at 839).
This statutory cause of action was created as an additional remedy, separate and distinct from other available traditional tort remedies, which may be also asserted in conjunction with common-law causes of action based upon the same alleged facts (Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc., 61 AD3d 146 [2009]; Sullivan v Our Lady of Consolation Geriatric Care Ctr., 60 AD3d 663 [2009]). In the Moreland Commission’s Summary Report contained in the legislative history, chapter 658 of the Laws of 1975, the Commission stated that section 2801-d provided a “supplemental mechanism for the enforcement of existing standards of care” and included incentives for the private bar to pursue meritorious lawsuits (Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d at 512-513). Those incentives include punitive damages and reasonable attorney’s fees. Clearly, the legislative history of Public Health Law § 2801-d “evinces an intent to provide an additional avenue of relief to the vulnerable nursing home population to insure that their rights are enforced” (Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d at 514; see also Marshall v Leppard, 17 Misc 3d 1103[A], 2007 NY Slip Op 51816[U] [2007]).
*340 Contrary to claimant’s arguments, there is no indication, either in the text of the statute, the legislative history, or case law, that the cause of action created under Public Health Law § 2801-d, applicable to a specifically defined group of residential health care facilities under the jurisdiction of the Commissioner of Health, was intended to encompass a psychiatric hospital engaged principally in providing services for the treatment of claimant’s mental disability. Nor is there any support of claimant’s contention that this statutory cause of action, expressly predicated upon a violation of the rights enumerated in Public Health Law § 2803-c, was intended to include, as a basis for liability, a violation of the rights of mentally disabled patients set forth in Mental Hygiene Law § 33.02.
Accordingly, this court finds that claimant has failed to establish that she has a cognizable claim under the proposed amendment asserting a cause of action pursuant to Public Health Law § 2801-d (see Sullivan v Our Lady of Consolation Geriatric Care Ctr., 60 AD3d 663 [2009]; Passet v Menorah Nursing Home, Inc., 16 Misc 3d 1117[A], 2007 NY Slip Op 51452[U] [2007]). Thus, the proposed amendment is palpably insufficient as a matter of law and claimant’s application to amend her claim is therefore denied (see DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489 [2010]).