| **Philip v New York Foundling** |
|:---:|
| 2026 NY Slip Op 30958(U) |
| March 13, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 155478/2021 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**                    PART                    **56M**

*Justice*

---------------------------------------------------------------------------------X

JOHN PHILIP, as Administrator of the Estate of JOEY PHILIP, Deceased,

INDEX NO.          155478/2021

MOTION DATE        03/13/2026

Plaintiff,

MOTION SEQ. NO.        005

- v -

NEW YORK FOUNDLING, formerly known as NEW YORK FOUNDLING HOSPITAL, KAI HUANG, GARY M. PHILLIPS, MARIANNA GOLDEN, SHOLEH KAMALIAN, DANIEL SILOVITZ, and MONTEFIORE NYACK HOSPITAL,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 200, 201, 202, 203, 204, 205, 206, 207, 208, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222

were read on this motion to/for                    RENEW/REARGUE/RESETTLE/RECONSIDER     .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, common-law negligence, and wrongful death, and pursuant to Public Health Law § 2801-d for purported violations of statutes and regulations governing nursing homes, the defendant New York Foundling, formerly known as New York Foundling Hospital (NYF), moves pursuant to CPLR 2221(d) for leave to reargue its motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied, in part, in an order dated January 14, 2026, and thereupon grant its summary judgment motion in its entirety. The plaintiff opposes the instant motion. NYF's motion is granted to the extent that reargument is granted with respect to that branch of its initial motion which sought summary judgment dismissing the Public Health Law § 2801-d cause of action against it, and, upon reargument, that branch of its summary judgment motion is granted, and that cause of action is dismissed insofar as asserted against it. The January 14, 2026 order is modified accordingly. NYF's request for leave to reargue the other branches of its initial motion is denied.

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  005**

Page 1 of 8

1 of 8

[* 1]

In the January 14, 2026 order, this court granted those branches of NYF's motion which were for summary judgment dismissing the wrongful death cause of action insofar as asserted against it, so much of the common-law negligence cause of action insofar as asserted against it as was predicated on its alleged failure to maintain its premises in a safe condition, and so much of the Public Health Law § 2801-d cause of action against it as was predicated upon alleged violations of Mental Hygiene Law §§ 13.07, 16.00, 16.03, 16.05, and 41.36, 10 NYCRR 415(h)(i), 14 NYCRR 624.1, 14 NYCRR part 635, 42 USC §§ 1395(l), *et seq*., and 12101, *et seq*., and 42 CFR part 415.19. The court otherwise denied NYF's motion, concluding that there were triable issues of fact as to whether it could be held liable for committing professional malpractice in failing adequately to supervise the plaintiff's decedent, whether it negligently failed to train and supervise its personnel in a proper manner, and whether it may be liable to the plaintiff pursuant to Public Health Law § 2801-d for violating Public Health Law § 2803-c, 10 NYCRR 415.12(a)(1)(ii), 10 NYCRR 415.12(e)(1), and 10 NYCRR 415.12(h)(2).

As the Appellate Division, First Department, has explained,

> "[a] motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'"

(*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], quoting *Schneider v Solowey*, 141 AD2d 813, 813 [2d Dept 1988]; *see Matter of Setters v AI Props. & Devs. (USA) Corp*., 139 AD3d 492, 4492 [1st Dept 2016]). A motion for leave to reargue "'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented'" (*Ul Haque v Daddazio*, 84 AD3d 940, 942 [2d Dept 2011], quoting *Mazinov v Rella*, 79 AD3d 979, 980 [2d Dept 2010], quoting, in turn, *McGill v Goldman*, 261 AD2d 593, 594 [2d Dept 1999]; *see Merrill Lynch Intl. Fin., Inc. v Donaldson*, 27 Misc 3d 391, 398 [Sup Ct, N.Y. County 2010]).

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  005**

Page 2 of 8

2 of 8

The court concludes that it misapprehended the scope of the applicability of Public Health Law § 2801-d, specifically with respect to the types of facilities that are subject to liability thereunder. The court had held that, since there was a factual dispute as to whether NYF provided some categories of medical or nursing care to its residents, there was a triable issue of fact as to whether it operated, in part, as a residential healthcare facility. As NYF now correctly points out, however, only those facilities that actually are licensed as "residential health care facilities" within the meaning of Public Health Law § 2801(3), and "principally" provide residential health care services, are subject to potential liability under Public Health Law § 2801-d.

The Appellate Division, Fourth Department, has directly addressed the issue of whether a group home such as NYF, which is licensed and regulated by the New York State Office for People With Developmental Disabilities (OPWDD), may be held liable pursuant to Public Health Law § 2801-d, and determined that such a facility is not subject to such liability (*see Burkhart v People, Inc*., 129 AD3d 1475, 1476-1477 [4th Dept 2015]). In *Burkhart*, the plaintiff commenced an action on behalf of his developmentally disabled brother against a group home licensed by the OPWDD, alleging that it two of its employees provided an inadequate response to seizures that his brother had suffered, and that another employee who had accompanied his brother to an outing at a local theater allowed his to wander from the theater and onto a busy nearby roadway, where he was struck by a vehicle. The Supreme Court denied the group home's motion for summary judgment dismissing the Public Health Law § 2801-d caused of action, concluding that there were triable issues of fact as to whether the group home "provide[d] some 'health-related service' to its residents," and, thus, "qualifie[d] as a 'residential health care facility' to which the statute applies" (*Burkhart v People, Inc*., 129 AD3d at 1476).

The Appellate Division reversed, explaining that

> "[p]ursuant to Public Health Law § 2801 (3), a '"[r]esidential health care facility" means a nursing home or a facility providing health-related service.' The parties agree that the group home operated by defendant does not qualify as a nursing home. Rather, the issue on appeal is whether the group home is a residential health care facility because it provides 'health-related service,' which is defined

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  005**

Page 3 of 8

3 of 8

as 'service in a facility or facilities which provide or offer lodging, board and *physical care* including, but not limited to, the recording of health information, dietary supervision and supervised hygienic services incident to such service' (§ 2801[4][b] [emphasis added]). We conclude that defendant's group home is not a residential health care facility.

"Although the group home provides some 'physical care' to its residents in addition to lodging and board, as plaintiff points out, it does not necessarily follow that it provides a 'health-related service' and is therefore a residential health care facility under Public Health Law § 2801-d. We note that Public Health Law article 28 applies to institutions 'serving *principally* as facilities . . . for the rendering of health-related service' (§ 2800 [emphasis added]), and the provisions of the article relate specifically to hospitals and nursing homes, institutions that clearly serve principally as facilities for the provision of health-related service (*see* §§ 2801-2826). Indeed, section 2801-d(2) awards compensation to plaintiffs for violations of the statute based in part on the daily per-patient rate established in section 2807, which pertains to 'hospital reimbursement' for 'hospital service and health-related service'"

(*id*.). The Appellate Division continued that,

"[i]n addition, plaintiff premises the alleged violation of Public Health Law § 2801-d in part on alleged violations of Department of Health Regulations (10 NYCRR) §§ 415.11 and 415.12, regulations that relate to the minimum standards applicable to nursing homes and that deal specifically with assessment and care planning (*see* 10 NYCRR 415.11), and quality of care (*see* 10 NYCRR 415.12), for nursing home residents. In fact, 10 NYCRR part 415 uses the term '[n]ursing home' interchangeably with the term 'residential health care facility' (10 NYCRR 415.2[k])"

(*id*.). That Court further explained that the legislative history of the statute reinforced its conclusion that the term "residential health care facility" is meant to apply to nursing homes and similar facilities that are governed by the Public Health Law, concluding that Public Health Law § 2801-d was enacted "'to redress the abuse of patients in nursing homes'" (id., quoting *Doe v Westfall Health Care Ctr*., 303 AD2d 102, 112 [4th Dept 2002], *overruled on other grounds Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc.*, 61 AD3d 146 [4th Dept 2009] [abrogating Fourth Department rule that a plaintiff may only invoke Public Health Law § 2801-d where he or she had no chance of recovery under existing common-law theories]), and that "'the term "residential health care facility" was intentionally used by the Legislature in an effort to curb abuses in the nursing home industry and provide a more flexible penalty system against nursing homes than was previously available'" (*Burkhart v People, Inc.*, 129 AD3d at 1476, quoting

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No.  005**

Page 4 of 8

*Matter of Town of Massena v Whalen*, 72 AD2d 838, 839 [3d Dept 1979]). The Court thus concluded that the cause of action provided by Public Health Law § 2801-d "was intended to apply to nursing homes, and other facilities such as assisted living facilities, operated by entities in the 'nursing home industry'" (*Burkhart v People, Inc.*, 129 AD3d at 1476).

As the Fourth Department went on to explain,

> "In contrast to a hospital or nursing home, the group home owned and operated by defendant is governed by the Mental Hygiene Law and regulated by the Office for People with Developmental Disabilities (OPWDD), and operates pursuant to a certificate issued by the Commissioner of OPWDD (*see* Mental Hygiene Law article 16; Department of Mental Hygiene Regulations [14 NYCRR] part 686; *see also* Mental Hygiene Law § 13.07). The group home is classified as an 'individualized residential alternative' community residence, defined as 'a facility providing room, board, and individualized protective oversight' for 'persons who are developmentally disabled and who, in addition to these basic requirements, need supportive interpersonal relationships, supervision, and training assistance in the activities of daily living' (14 NYCRR 686.99[l][2][iii]). Under the plain language of the regulations governing it, the group home does not serve 'principally' as a facility 'for the rendering of health-related service' governed by Public Health Law article 28 (§ 2800)"

(*id*. at 1476-1477). It thus rejected the plaintiff's contention therein that, because the defendant group home may have provided some physical care, it, of necessity, could be characterized as a "residential health care facility" subject to the provisions of Public Health Law § 2801-d.

Several other appellate decisions have mirrored the Fourth Department's analysis in *Burkhart* when presented with similar or analogous situations, and have held that only those facilities actually licensed as residential health care facilities may be held liable pursuant to Public Health Law § 2801-d (*see DeRusso v Church Aid of Protestant Episcopal Church in Town of Saratoga Springs, Inc.*, 235 AD3d 31, 34 [3d Dept 2025] [no cause of action lies pursuant to Public Health Law § 2801-d against assisted living facilities]; *Broderick v Amber Ct. Assisted Living*, 200 AD3d 840, 841-842 [2d Dept 2021] [same]; *Gutierrez v Mount Sinai Health Sys., Inc.*, 188 AD3d 418, 419 [1st Dept 2020] [no cause of action lies pursuant to Public Health Law § 2801-d against detoxification and rehabilitation facility governed by the Mental Hygiene Law, and regulated by the New York State Office for Alcoholism and Substance Abuse

**155478/2021 JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,**      **Page 5 of 8**
**DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No. 005**

5 of 8

Services]; *Hairston v Liberty Behavioral Mgt. Corp.* 157 AD3d 404, 406 [1st Dept 2018] [same];

*see also Dray v Staten Is. Univ. Hosp.,* 160 AD3d 614, 620 [2d Dept 2018] ["Since the hospital

is not a 'residential health care facility,' this provision is not applicable to the hospital"]; *Novick v*

*South Nassau Communities Hosp.*, 136 AD3d 999, 1001 [2d Dept 2016] ["Since Public Health

Law § 2801-d only applies to nursing homes, it only applies to" the nursing home defendant

named in the action, and not to the nonresidential hospital defendants]).  Trial courts have also

applied that rule in analogous situations (*see Pietroforte v Belle Harbor Home of Sages, Inc.,*

2022 NY Misc LEXIS 17544, *18-19 [Sup Ct, N.Y. County, May 27, 2022] [facilities such as

group homes, which are governed by the Mental Hygiene Law, are not subject to claims

pursuant to Public Health Law § 2801-d]; *Schuckman v Atria Senior Living*, 2021 NY Misc

LEXIS 13398, *4 [Sup Ct, Suffolk County, Mar. 10, 2021] [no cause of action lies pursuant to

Public Health Law § 2801-d against an adult home]; *Randone v State of New York*, 30 Misc 3d

335, 338-340 [Ct Claims 2010] [no cause of action lies pursuant to Public Health Law § 2801-d

against a psychiatric hospital operated by the New York State Office of Mental Health]; *Boykin v*

*1 Prospect Park ALF, LLC,* 993 F Supp 2d 264, 274 [ED NY 2014] [Weinstein, J.] [applying New

York law, and holding that no cause of action lies pursuant to Public Health Law § 2801-d

against assisted living facilities]).

Consequently, upon reargument, the court grants that branch of NYF's motion for

summary judgment dismissing the entirety of the Public Health Law § 2801-d cause of action

insofar as asserted against it, that entire cause of action is dismissed insofar as asserted

against NYF, and the January 14, 2026 order is modified accordingly.

With respect to the other branches of NYF's initial motion for summary judgment

dismissing the complaint insofar as asserted against it, the court denies leave to reargue.  In

connection with the professional malpractice cause of action and so much of the common-law

negligence cause of action against NYF as was premised upon the plaintiff's allegations of

negligent supervision and negligent training, the court did not overlook or misapprehend any

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,**
**DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No.  005**

**Page 6 of 8**

6 of 8

[* 6]

facts or law presented to it. In connection with so much of the common-law negligence cause of action against NYF as was premised upon the plaintiff's allegations that it maintained its facility in an unsafe and dangerous condition, the court already had dismissed that claim in the January 14, 2026 order; hence, there is no basis for NYF's request to reargue that branch of its initial motion, since it was granted the relief that it had sought, it is not aggrieved by that portion of the order, and its request for that relief has thus been rendered academic (*see Matter of Kusky v Town of Islip,* 266 AD2d 460, 461 [2d Dept 1999]; *Shorenstein v Spiera*, 2022 NY Slip Op 31732[U], *2, 2022 NY Misc LEXIS 3498, *2 [Sup Ct, N.Y. County, May 25, 2022] [Kelley, J.]).

In light of the foregoing, it is,

ORDERED that the motion of the defendant New York Foundling, formerly known as New York Foundling Hospital, is granted to the extent that leave to reargue is granted as to that branch of its initial motion which was for summary judgment dismissing the Public Health Law § 2801-d cause of action insofar as asserted against it, upon reargument, that branch of the initial motion is granted, and that entire cause of action is dismissed insofar as asserted against New York Foundling, formerly known as New York Foundling Hospital, the order dated January 14, 2026 is modified by deleting the following words from the first decretal paragraph thereof

> "the motion of the defendant New York Foundling, formerly known as New York Foundling Hospital, for summary judgment dismissing the complaint insofar as asserted against it is granted only to the extent that it is awarded summary judgment dismissing the wrongful death cause of action insofar as asserted against it, so much of the common-law negligence cause of action as was predicated on its alleged failure to maintain its premises in a safe condition, and so much of the Public Health Law § 2801-d cause of action as was predicated upon alleged violations of Mental Hygiene Law §§ 13.07, 16.00, 16.03, 16.05, and 41.36, 10 NYCRR 415(h)(i), 14 NYCRR 624.1, 14 NYCRR part 635, 42 USC §§ 1395(l), *et seq*., and 12101, *et seq*., and 42 CFR part 415.19, that cause of action and those claims are dismissed, and the motion is otherwise denied"

and substituting therefor the following words:

> "the motion of the defendant New York Foundling, formerly known as New York Foundling Hospital, for summary judgment dismissing the complaint insofar as asserted against it is granted only to the extent that it is awarded summary judgment dismissing the wrongful death cause of action insofar as asserted against it, the entirety of the Public Health Law § 2801-d cause of action insofar

**155478/2021 JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL Motion No. 005**                                    Page 7 of 8

7 of 8

as asserted against it, and so much of the common-law negligence cause of action against it as was predicated on its alleged failure to maintain its premises in a safe condition, and those causes of action and that claim are dismissed, and the motion is otherwise denied,"

and the motion for leave to reargue is otherwise denied.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| __3/13/2026__ | |
| __DATE__ | __JOHN J. KELLEY, J.S.C.__ |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  005**                                                      **Page 8 of 8**

8 of 8