■ JAMES D. SULLIVAN, Respondent-Appellant, v OUR LADY OF CONSOLATION GERIATRIC CARE CENTER, Appellant-Respondent. [875 NYS2d 116]—

In an action, inter alia, to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d and for negligence, the defendant appeals, by permission and as limited by its brief, from so much of an order of the Supreme Court, Suf-

folk County (Berler, J.), dated December 15, 2006, as, in effect, granted that branch of the plaintiff's oral application pursuant to CPLR 4401 which was for judgment as a matter of law on the cause of action to recover damages for negligence to the extent of directing a new trial on that cause of action, and granted those branches of the plaintiff's separate oral application pursuant to CPLR 4404 (a) which were to set aside, as contrary to the weight of the evidence, the jury verdict as to the fourth through seventh interrogatories propounded to the jury, relating to the cause of action to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d and for a new trial with respect thereto, and the plaintiff cross-appeals, by permission and as limited by his brief, from so much of the same order as, in effect, denied that branch of his application pursuant to CPLR 4401 which was for judgment as a matter of law on the cause of action to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d insofar as it was predicated on the second through seventh interrogatories propounded to the jury, and granted that branch of that application which was for judgment as a matter of law with regard to the cause of action to recover damages for negligence only to the extent of directing a new trial on that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's application pursuant to CPLR 4404 (a) which were to set aside, as contrary to the weight of the evidence, the jury verdict as to the fourth through seventh interrogatories propounded to the jury, and substituting therefor a provision denying those branches of the application; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the jury verdict as to the fourth through seventh interrogatories propounded to the jury is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial in accordance herewith.

From May 7, 1998, to the date of her death, the plaintiff's decedent, an elderly, disabled woman, was a resident at the defendant, Our Lady of Consolation Geriatric Care Center, a residential health care facility. Alleging that the decedent sustained certain injuries while in the defendant's care, the plaintiff set forth causes of action to recover damages, inter alia, for deprivation of rights pursuant to Public Health Law § 2801-d and negligence.

The matter proceeded to a jury trial. In rendering its verdict, the jury answered certain interrogatories relating to the cause of action to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d.

In the second through sixth interrogatories, the jury found, in essence, that the defendant did not violate certain Federal and State regulations and, thus, did not deprive the plaintiff's decedent of the rights and benefits those regulations created or established for her well-being (*see* Public Health Law § 2801-d [1]). In contrast, in the first interrogatory, the jury found, in essence, that the defendant violated a particular Federal regulation requiring long-term care facilities to "ensure" that "[e]ach resident receives adequate supervision and assistance devices to prevent accidents" (42 CFR 483.25 [h] [2]) and, thus, deprived the plaintiff's decedent of the rights and benefits the regulation created or established for her well-being. However, in the seventh interrogatory, the jury found, in essence, that there were no "injuries suffered" by the decedent "as a result of said deprivation" (Public Health Law § 2801-d [1]).

In the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's oral application pursuant to CPLR 4404 (a) which were to set aside, as contrary to the weight of the evidence, the jury verdict as to the fourth through seventh interrogatories and for a new trial with respect thereto. However, a jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]) and, here, the jury's determinations that the defendant did not violate certain regulations, and did not cause the decedent to suffer any injuries by violating a particular regulation, were based upon a fair interpretation of the evidence. Accordingly, those determinations should not have been disturbed (*see Bobek v Crystal,* 291 AD2d 521, 522-523 [2002]).

However, under the circumstances, we conclude, as did the Supreme Court, that a new trial must be held on the cause of action to recover damages for negligence, which was never submitted to the jury for its determination. Such a cause of action is separate and distinct from, and involves considerations different from, a cause of action to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d (*cf.* Public Health Law § 2801-d [4]; *Doe v Westfall Health Care Ctr.,* 303 AD2d 102, 111-112 [2002]; *Zeides v Hebrew Home for Aged at Riverdale,* 300 AD2d 178, 179 [2002]). For that reason, we emphasize that the reinstated jury verdict, pertaining only to the cause of action to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d, has no preclusive effect with respect to the issues to be litigated and determined at the new trial, namely, whether the defendant was negligent,

whether the defendant's negligence, if any, was a proximate cause of the decedent's alleged injuries, and the amount of the decedent's damages, if any (*see generally People v Evans,* 94 NY2d 499, 502 [2000]).

The plaintiff's contention that a particular trial ruling was erroneous is not properly before this Court (*see Bernard v Magliore,* 304 AD2d 781 [2003]; *Kiersh v Kiersh,* 222 AD2d 411 [1995]; *see also Kopstein v City of New York,* 87 AD2d 547 [1982]).

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, Santucci and Covello, JJ., concur.