■ BARBARA SHAPIRO, Appellant, v GURWIN JEWISH GERIATRIC NURSING & REHABILITATION CENTER, Respondent. [923 NYS2d 894]—

In an action to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 2, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On November 2, 2007, the plaintiff's decedent, Beatrice G. Charney, died at the defendant's facility. The plaintiff thereafter commenced this action to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that Charney had died through no action or negligence of its employees (cf. *Stukas v Streiter*, 83 AD3d 18 [2011]; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1098 [2010]). The discrepancies between the accounts of various employees as to Charney's treatment were not material. Moreover, the alleged inaccuracies in the medical records maintained by the defendant as to the timing of certain events were, read in context, either not inaccuracies at all or immaterial and could not have resulted in injury to Charney (see Public Health Law § 2801-d; cf. *Sullivan v Our Lady of Consolation Geriatric Care Ctr.*, 60 AD3d 663, 665 [2009]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The expert affidavit submitted by the plaintiff, which relied upon facts contradicted or unsupported by the record, was speculative and conclusory as to the negligence and wrongful death causes of action and did not raise a triable issue of material fact as to any of the causes of action alleged in the complaint (see *Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Kane v Ausubel*, 44 AD3d 717, 717-718 [2007]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.