**21** ROBERT GOLD, Appellant, v PARK AVENUE EXTENDED CARE CENTER CORP., Respondent. [935 NYS2d 597]—

The plaintiff's second cause of action, purportedly to recover damages for negligence, actually sounds in medical malpractice (*see Scott v Uljanov*, 74 NY2d 673, 675 [1989]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850-851 [2008]; *Caso v St. Francis Hosp.*, 34 AD3d 714, 715 [2006]; *Raus v White Plains Hosp.*, 156 AD2d 354, 354-355 [1989]; *cf. Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996]). Since the complaint concerns the treatment of the plaintiff's decedent at the defendant's facility from June 4, 2004, to June 17, 2004, and the instant action was commenced on June 11, 2007, the second cause of action is time-barred by the 2½-year statute of limitations for a cause of action sounding in medical malpractice (*see* CPLR 214-a).

Liability under the Public Health Law "contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the 'facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient,'" and claims brought pursuant to this statute are governed by the three-year statute of limitations (*Zeides v Hebrew Home for Aged at Riverdale*, 300 AD2d 178, 179 [2002], quoting Public Health Law § 2801-d [1], [2]; *see* CPLR 214 [2]; *Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008]; *see also Sullivan v Our Lady of Consolation Geriatric Care Ctr.*, 60 AD3d 663, 665 [2009]). The defendant established its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment dismissing the first cause of action, which is based on Public Health Law § 2801-d. The defendant submitted the affirmation of its expert physician, who opined that the defendant did not violate the various federal and state regulations set forth in the plaintiff's bill of particulars as the basis for this cause of action, and that even if any regulations were violated, none of the alleged injuries was proximately caused by these violations (*see* Public Health Law § 2801-d [1]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact, as the affidavits of his experts offered conclusory and unsubstantiated allegations of violations of the subject regulations (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Graziano v Cooling*, 79 AD3d 803, 804-805 [2010]; *see generally Sullivan v Our Lady of Consolation Geriatric Care Ctr.*, 60 AD3d at 665).

The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which sought to recover damages for gross negligence, through the affidavit of its expert physician and the records of the plaintiff's decedent from her residency at the defendant's facility, which showed "the absence of any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Everett v Loretto Adult Community, Inc.*, 32 AD3d 1273, 1274 [2006]; *see Anzolone v Long Is. Care Ctr., Inc.*, 26 AD3d 449, 450-451 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact, as the expert affidavit relied upon by the plaintiff in opposition to that branch of the defendant's motion offered conclusory and unsubstantiated allegations of gross negligence (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Zuckerman v City of New York*, 49 NY2d at 562; *Graziano v Cooling*, 79 AD3d at 804-805).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31376(U).]**