■ JEANNE DOMOROSKI, as Administratrix of the Estate of HELEN HEWITT, Deceased, Appellant, v SMITHTOWN CENTER FOR REHABILITATION AND NURSING CARE, Respondent. [945 NYS2d 345]—

In an action to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated March 31, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Following total hip replacement surgery, the plaintiff's decedent, Helen Hewitt, was admitted as a patient to the defendant's facility on July 6, 2005. At the time of her admission, the plaintiff's decedent, who was 95 years old and weighed approximately 90 pounds, had a history of hypertension, congestive heart failure, duodenal ulcer, osteoporosis, and pressure sores on her back, legs, and feet. In the early morning hours of August 5, 2005, the plaintiff's decedent was found on the floor of her room by a nurse's aid, and was noted to be confused. After the plaintiff's decedent was returned to her bed, she was neurologically monitored, without incident. However, later that morning, while attending physical therapy, the plaintiff's decedent lost consciousness and became unresponsive. She was transferred to Stony Brook University Hospital, where tests revealed that the plaintiff's decedent was suffering from confusion, a urinary tract infection, aspiration pneumonia, syncope, hypothyroidism, anemia, and malnutrition. Progress notes dated August 13, 2005, revealed that physicians at the hospital advised the plaintiff that her decedent's health was declining, and that the decedent was quickly approaching the end of her life. Thereafter, the plaintiff chose a palliative approach to her decedent's health care that would provide "comfort care" only. The plaintiff's decedent was readmitted to the defendant's facility on August 19, 2005, and died on August 21, 2005. The death certificate noted that the cause of death was a cardiac arrest as a consequence of congestive heart failure.

The plaintiff commenced this action seeking damages for negligence, wrongful death, and violation of Public Health Law

§§ 2801-d and 2803-c. As amplified in her bill of particulars, the plaintiff contends that her decedent sustained injuries that resulted in her death when she fell from her bed on August 5, 2005, and that the defendant was negligent in, inter alia, failing to maintain the area in a reasonable and safe condition for her decedent, failing to keep the bed rails in the up position, and failing to have a bed alarm in place at the time of the incident.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not depart from accepted standards of care with regard to the plaintiff's decedent (*see D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of material fact as to any of the causes of action alleged in the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30997(U).]**