■ SANDRA DePASO, Individually and as Executrix of IRENE WESTFALL, Deceased, Appellant, v SARAH NEUMAN CENTER FOR HEALTHCARE AND REHABILITATION et al., Respondents. [989 NYS2d 310]—

In an action, inter alia, to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d, etc., the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered January 6, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2) from a judgment of the same court dated February 1, 2012, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

According to the plaintiff, her decedent sustained injuries, and ultimately died, as a result of, among other things, a series of falls that occurred when the decedent was a resident at the defendants' facility. The plaintiff commenced this action, inter alia, to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d. The defendants moved for, among other relief, summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demon-

strating that they did not depart from accepted standards of care with regard to the plaintiff's decedent (see *Domoroski v Smithtown Ctr. for Rehabilitation & Nursing Care*, 95 AD3d 1165, 1166 [2012]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to any of the causes of action alleged in the complaint (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.