■ PATRICIA MOORE, as Administratrix of the Estate of JOSEPH ZAMIELLO, Deceased, Appellant, v ST. JAMES HEALTH CARE CENTER, LLC, Respondent. (And a Third-Party Action.) [35 NYS3d 464]—

In an action, inter alia, to recover damages for negligence and deprivation of rights pursuant to Public Health Law § 2801-d, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 22, 2014, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligence and deprivation of rights pursuant to Public Health Law § 2801-d, and (2)

a judgment of the same court entered June 17, 2014, as, in effect, upon an order of the same court dated July 9, 2007, directing the dismissal of the cause of action alleging medical malpractice as time-barred, and upon the order dated May 22, 2014, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order dated May 22, 2014, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order dated May 22, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

For two weeks in June 2003, the plaintiff's decedent, an 83-year-old man who suffered from various ailments, was a resident of the defendant, St. James Health Care Center, LLC, a residential health care facility. Alleging that the decedent sustained certain injuries while in the defendant's care, the plaintiff commenced this action setting forth causes of action to recover damages for medical malpractice, negligence, gross negligence, and deprivation of rights pursuant to Public Health Law § 2801-d. In an order dated July 7, 2007, the Supreme Court, inter alia, directed the dismissal of the medical malpractice cause of action as time-barred. In the order appealed from, the Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligence, gross negligence, and deprivation of rights pursuant to Public Health Law § 2801-d. In a judgment entered June 17, 2014, the complaint was dismissed. The plaintiff appeals.

"The critical question in determining whether an action sounds in medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached" (*Halas v Parkway Hosp.*, 158 AD2d 516, 516 [1990]). "When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence" (*id.*). Here, the Supreme Court properly determined that the cause of action to recover damages for negligence, to the extent not premised upon the

defendant's alleged failure to protect the decedent from falling (which claim the court found to be without merit), actually sounded in medical malpractice, and was therefore time-barred by the 2½-year statute of limitations governing medical malpractice causes of action (*see* CPLR 214-a; *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Santana v St. Vincent Catholic Med. Ctr. of N.Y.*, 65 AD3d 1119 [2009]; *Caso v St. Francis Hosp.*, 34 AD3d 714 [2006]; *Fox v White Plains Med. Ctr.*, 125 AD2d 538 [1986]).

"Liability under the Public Health Law 'contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient,' and claims brought pursuant to this statute are governed by the three-year statute of limitations" (*Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d at 834, quoting *Zeides v Hebrew Home for Aged at Riverdale*, 300 AD2d 178, 179 [2002] [internal quotation marks omitted]). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging deprivation of rights pursuant to Public Health Law § 2801-d by submitting evidence that the plaintiff's decedent's alleged injuries did not arise through any action or negligence of its employees (*see Novick v South Nassau Communities Hosp.*, 136 AD3d 999 [2016]; *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348, 1349 [2011]; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1098 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact, as the affidavits of her experts offered conclusory and unsubstantiated allegations of violations of the subject regulations (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348 [2011]; *Graziano v Cooling*, 79 AD3d 803 [2010]).

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligence and deprivation of rights pursuant to Public Health Law § 2801-d, and entered judgment in favor of the defendant. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.