■ LINDA CICCOTTO, as Executor of EMILIO S. LANERI, Also Known as EMILIO SILVIO LANERI, Deceased, Appellant, v FULTON COMMONS CARE CENTER, INC., Respondent. [53 NYS3d 338]—

In an action, inter alia, to recover damages for negligence, wrongful death, and violation of Public Health Law § 2801-d, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated November 12, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (2) from an order of the same court (Murphy, J.), dated April 27, 2015, which denied her motion for leave to reargue.

Ordered that the appeal from the order dated April 27, 2015, is dismissed, as no appeal lies from an order denying leave to reargue (*see Spann v City of New York*, 145 AD3d 934 [2016]); and it is further,

Ordered that the order dated November 12, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff's decedent, who suffered from several medical conditions, including significant dementia, was a resident of the defendant residential health care facility for approximately 1½ months. When he was admitted to the facility, the decedent was assessed as being at a moderate risk of falling, and he ultimately fell several times despite interventions that were put in place for fall prevention. After the decedent's third fall, he was taken to the hospital and X rays indicated that he had broken his hip. Surgery was performed, and the decedent died shortly thereafter. The plaintiff commenced this action alleging negligence, negligent hiring, violation of Public Health Law

§ 2801-d, and wrongful death, as well as a claim for punitive damages. The defendant answered and subsequently moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiff then moved for leave to reargue, and that motion was denied.

The defendant established its prima facie entitlement to judgment as a matter of law on the causes of action alleging negligence, negligent hiring, and wrongful death, and the claim for punitive damages by submitting evidence demonstrating that it did not depart from accepted standards of care with regard to the plaintiff's decedent (*see DePaso v Sarah Neuman Ctr. for Healthcare & Rehabilitation*, 119 AD3d 727, 727-728 [2014]; *Domoroski v Smithtown Ctr. for Rehabilitation & Nursing Care*, 95 AD3d 1165, 1166 [2012]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact as to any of those causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

With regard to the cause of action premised on violation of Public Health Law § 2801-d, "[l]iability under the Public Health Law 'contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient'" (*Moore v St. James Health Care Ctr., LLC*, 141 AD3d 701, 703 [2016], quoting *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833, 834 [2011]; *see Zeides v Hebrew Home for Aged at Riverdale*, 300 AD2d 178, 179 [2002]). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging deprivation of rights pursuant to Public Health Law § 2801-d by submitting evidence that the decedent's alleged injuries did not arise through any action or negligence of its employees (*see Moore v St. James Health Care Ctr., LLC*, 141 AD3d 701, 703 [2016]; *Novick v South Nassau Communities Hosp.*, 136 AD3d 999 [2016]; *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348, 1349 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact, as the affidavit of her expert offered only conclusory and unsubstantiated allegations of violations of certain regulations (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833 [2011]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348 [2011]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Miller and Barros, JJ., concur.