Jackson v Northern Manhattan Nursing Home, Inc. (2022 NY Slip Op 00723)





Jackson v Northern Manhattan Nursing Home, Inc.


2022 NY Slip Op 00723


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 158942/16 Appeal No. 15222 Case No. 2021-01643 

[*1]Patricia Jackson, as Administrator of the Estate of Erwin Burt, et al., Plaintiffs-Appellants,
v
Northern Manhattan Nursing Home, Inc., Defendant-Respondent.


Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Caitlin Robin & Associates, PLLC, New York (Mindy J. Betita of counsel), for respondent.



Order, Supreme Court, New York County (Judith Reeves McMahon, J.), entered on or about February 18, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the causes of action for violation of the Public Health Law and wrongful death, unanimously modified, on the law, to deny the motion as to the wrongful death cause of action, and otherwise affirmed, without costs.
Defendant made a prima facie showing that it was not liable for the decedent's injuries and death under Public Health Law § 2801-d(1) through the affirmation of its nursing expert, who opined that defendant did not violate the various federal and state regulations set forth in plaintiff's bill of particulars. In opposition, plaintiff failed to raise an issue of fact, because her expert did not address any rules or regulations that were violated (see Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834 [2d Dept 2011]).
As for the wrongful death cause of action, the parties' nursing experts had similar credentials in gerontology and nursing, and both were qualified to opine on the applicable standard of care for residential nursing facilities (see D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848, 851-852 [2d Dept 2008]). Thus, the experts' conflicting opinions present an issue of fact as to whether defendant was liable for the decedent's injuries. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022