Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr. (2024 NY Slip Op 00180)

Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr.

2024 NY Slip Op 00180

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-12718
 (Index No. 67462/16)

[*1]Debra Van DeVeerdonk, etc., et al., appellants,
v
North Westchester Restorative Therapy and Nursing Center, et al., respondents.

Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephanie L. Bross of counsel), for appellants.
Furey, Furey, Leverage & Darlington, P.C. (Kenya S. Hargrove of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, the plaintiffs appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated October 10, 2019. The order denied the plaintiffs' motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence, and granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 24, 2013, the plaintiffs' decedent, then 79 years old, was admitted to the defendant North Westchester Restorative Therapy and Nursing Center (hereinafter the facility), a skilled nursing facility operated by the defendant Treetops Rehabilitation and Care Center, LLC. At the time of her admission, the decedent was wheelchair-bound and suffered from several medical conditions, including dementia. She had recently suffered two falls at her home. Upon admission, the facility's staff deemed the decedent a high risk for falls and implemented various fall prevention measures. Nonetheless, the decedent suffered multiple falls during her admission to the facility, two of which, occurring on November 30, 2013, and January 15, 2014, respectively, resulted in injuries. Although the facility's surveillance video system captured the decedent's first fall, on November 30, 2013, the video was automatically overwritten two weeks later. The decedent was later discharged to her home on February 4, 2014. On April 30, 2015, she passed away at a hospital due to aspiration pneumonia and sepsis.
In November 2016, the plaintiffs, who are two of the decedent's three children and the co-executors of her estate, commenced this action against the defendants, asserting, inter alia, causes of action to recover damages for negligence and violation of Public Health Law § 2801-d. In December 2018, the plaintiffs moved pursuant to CPLR 3126 to impose spoliation sanctions against the defendants for their failure to preserve the video depicting the decedent's November 2013 fall. Thereafter, the defendants moved for summary judgment dismissing the complaint. By order dated October 10, 2019, the Supreme Court denied the plaintiffs' motion and granted the defendants' motion. The plaintiffs appeal.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" [*2](Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (Lentz v Nic's Gym, Inc., 90 AD3d 618, 618; see Ortega v City of New York, 9 NY3d 69, 76).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Oppenheimer v City of New York, 193 AD3d 957, 958 [internal quotation marks omitted]; see Parkis v City of Schenectady, 211 AD3d 1444, 1446). However, "[i]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968; see M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1401; Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 594).
Here, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence. The plaintiffs did not establish that, at the time the surveillance footage was overwritten in December 2013, the defendants were on notice that the evidence might be needed for future litigation (see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594; see also Sanders v 210 N. 12th St., LLC, 171 AD3d at 968; Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211).
The Supreme Court also properly granted the defendants' motion for summary judgment dismissing the complaint. With respect to the negligence cause of action, to the extent that the plaintiffs advanced claims of medical malpractice (see Losak v St. James Rehabilitation & Healthcare Ctr., 199 AD3d 671, 671-672; D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848, 850-852), the defendants established their prima facie entitlement to judgment as matter of law by submitting evidence that they did not depart from accepted standards of care with regard to the decedent (see Ciccotto v Fulton Commons Care Ctr., Inc., 149 AD3d 1030, 1031; Domoroski v Smithtown Ctr. for Rehabilitation & Nursing Care, 95 AD3d 1165, 1166; D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d at 850-851). The affirmation of the defendants' expert established, inter alia, that all appropriate fall prevention measures were implemented at the time of the decedent's falls, and, in any event, that the absence of certain additional fall prevention measures, which were not indicated, were not a proximate cause of the decedent's injuries. In opposition, the plaintiffs' expert did not raise a triable issue of fact to defeat summary judgment, as the plaintiffs' expert's affidavit failed to rebut the defendants' expert's specific assertions, and was otherwise speculative, conclusory, and unsupported by the record (see Lagatta v Rivera, 217 AD3d 757, 759; Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 899). To the extent that the plaintiffs' claims sounded in ordinary negligence (see generally Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339), the defendants demonstrated, prima facie, that they exercised reasonable care to ensure that the decedent did not suffer harm, and that the decedent's injuries could not have been prevented by any reasonable degree of supervision (see C.M. v Gasiorowski, 173 AD3d 1156, 1157; D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d at 851-852). In opposition, the plaintiffs failed to raise a triable issue of fact.
With regard to the cause of action premised on an alleged violation of Public Health Law § 2801-d, liability under the Public Health Law "contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the 'facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient'" (Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179, quoting Public Health Law § 2801-d[1], [2]; see also Sullivan v Our Lady of Consolation Geriatric Care Ctr., 60 AD3d 663, 665). Here, the defendants established their prima facie entitlement to judgment as a matter of law on that branch of their motion which was for summary judgment dismissing the cause of action alleging violation of Public Health Law § 2801-d by submitting the affirmation of their expert physician, who opined that the defendants exercised "all care reasonably necessary to prevent and limit the deprivation and injury to" the decedent (Zeides v Hebrew Home [*3]for Aged at Riverdale, 300 AD2d at 179; see Schwartz v Partridge, 179 AD3d 963, 965), and did not violate the various federal and state regulations set forth in the plaintiffs' bill of particulars as the basis for this cause of action (see Schwartz v Partridge, 179 AD3d at 965; Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001; Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834). In opposition, the plaintiffs failed to raise a triable issue of fact, as the affidavit of their expert offered conclusory and unsubstantiated allegations of violations of certain regulations (see Schwartz v Partridge, 179 AD3d at 965; Ciccotto v Fulton Commons Care Ctr., Inc., 149 AD3d at 1031; Novick v South Nassau Communities Hosp., 136 AD3d at 1001).
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court